The YOUNG COMPANIES, INC., et al., Appellants,

v.

BAYOU CORPORATION, Appellee.

No. 7895.

Court of Civil Appeals of Texas, Beaumont.

Jan. 6, 1977.

Andrew C. Brown, Houston, for appellants.

Stephen Wayne Hanks, Houston, for appellee.

STEPHENSON, Justice.

Plaintiff, Bayou Corporation, brought this action, November 22, 1974, against defendant, The Young Companies, Inc., as a sworn account and for attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226. Defendant answered with a general denial. Plaintiff then on December 27, 1974, served that defendant with requests for admissions. May 21, 1975, plaintiff filed a motion for summary judgment and a motion to have the admissions to be deemed admitted because of that defendant's failure to answer and for judgment.

Then July 25, 1975, plaintiff filed its first amended petition naming Young America Construction Corporation and Vernon R. Young, Jr., as additional defendants. This amended petition alleged a cause of action in the nature of a sworn account and also that plaintiff furnished material and goods for the construction of certain improvements; that the owner of such improvements paid money to these defendants and that Vernon R. Young, Jr., became a trustee of such funds and is liable to plaintiff

under the provisions of Tex.Rev.Civ.Stat. Ann. art. 5472e (Supp.1976–1977). A general denial was filed on behalf of Vernon R. Young, Jr. November 6, 1975, interrogatories were served upon Vernon R. Young, Jr., and requests for admission were served upon the new corporate defendant and the original corporate defendant. On November 25, 1975, plaintiff filed motions to compel all three defendants to answer the interrogatories and to have the requests for admission deemed admitted and for judgment.

Defendants answered such motion to compel answers and filed a motion to quash the interrogatories. An order was entered by the trial court December 22, 1975, which recited the appearance of the attorneys for plaintiff and defendants on December 15, 1975, and ordered all three defendants to answer the interrogatories on or before thirty days after rendition or defendants' answers would be stricken and judgment for plaintiff entered. Also, on December 22, 1975, an order was entered that the requests for admission submitted to the two corporate defendants be deemed admitted.

December 26, 1975, an answer by all three defendants was filed to interrogatories 14 through 31. The answers contained ten "unknowns" and seven "denieds". The one question answered was "Vernon R. Young, Jr." when asked, "State the name of the person answering these Requests and Interrogatories on behalf of Defendant, and the nature of your relationship to the Defendant."

March 25, 1976, plaintiff filed a motion to have the answers of all three defendants stricken, and for judgment. April 9, 1976, defendant Vernon R. Young, Jr., filed an amended answer to the interrogatories and also a response to plaintiff's motion to strike the answers and for judgment.

April 28, 1976, the trial court entered an order striking the answers of all three defendants and granting judgment to plaintiff as to all three defendants jointly and severally.

■ Defendants complain here that it was an abuse of discretion by the trial court

to strike the defendants' answers and enter judgment for plaintiff. All parties agree that the imposition of penalties or sanctions for failure or refusal of a party to comply with discovery rules is directed to the sound discretion of the trial court. Further, that the court's action can be set aside only upon a showing of a clear abuse of discretion. *Meyer v. Tunks,* 360 S.W.2d 518 (Tex.1962).

■ It is abundantly clear from a reading of the record before us that all three defendants were acting in bad faith in the answers given by them until Vernon R. Young, Jr., filed an amended answer and response April 9, 1976. That was three days before the trial court had a hearing on plaintiff's motion to strike defendants' answers and to enter judgment for plaintiff. That was also eighteen days before the judgment was entered from which this appeal was taken. No attempt was made to correct the situation as it existed as to the corporate defendants. There was no abuse of discretion on the part of the trial court in striking the answers of the two corporate defendants and entering the judgment against them.

The question remaining before us is whether the trial court abused its discretion in taking that action against Vernon R. Young, Jr. He was made a party to this suit July 25, 1975, and interrogatories were served upon him November 25, 1975. It is safe to say that his answers filed December 26, 1975, were not responsive and showed bad faith. It was only after plaintiff's motion was filed March 25, 1976, asking that the answers be stricken and judgment entered, that Vernon R. Young, Jr., made what we consider to be a good faith attempt to answer the interrogatories. The record shows this defendant had employed new counsel to represent him at the time. Even though the general statement is made in plaintiff's brief that these last answers "fail . . . to deal with the questions asked", we have no more than that conclusion before us, and we do not agree.

In spite of the fact that it required plaintiff's persistence and five months' time to get a good faith response from Vernon R.

Young, Jr., such response was finally forthcoming. We conclude the trial court abused its discretion in striking the answer of Vernon R. Young, Jr., and granting judgment against him.

We follow the reasoning and pronouncement of the rule in *Ebeling v. Gawlik,* 487 S.W.2d 187, 190 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ), that "[t]he office of sanctions is to secure compliance with the discovery rules, not to punish the erring parties." See, *Lloyd A. Fry Roofing Company v. State,* 524 S.W.2d 313 [(Tex.Civ.App.—Dallas 1975), affirmed, 541 S.W.2d 639 (Tex.Civ.App.—Dallas 1976)]. We have not been cited, nor have we found a case in which the trial court ordered sanction against a party after that party has complied with the order as to discovery. In fact, we have been cited one case, *Gordon v. Williams,* 164 S.W.2d 867 (Tex.Civ.App.—Beaumont 1942, no writ), in which this court held the trial court should have granted a motion for new trial where the interrogatories were answered two hours after judgment had been granted. Nothing in this judgment of reversals shall be construed to prevent the trial court from considering whether or not defendant Gerald R. Young, Jr., should be taxed with any expense or attorney's fee in connection with all that has transpired as set forth above. See and compare *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958 (Tex. 1976).

Plaintiff contends the defendants may not raise their points of error on this appeal because they did not file a motion for new trial, citing Tex.R.Civ.P. 325. That rule, by the terms, applies to a motion for continuance, for change of venue and "other preliminary motions." The courts construe the "other preliminary motions" provision to apply to those which do *not* terminate the litigation. See *City of Roma v. Starr County,* 428 S.W.2d 851 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.). The judgment appealed from in this case struck defendants' answers and granted plaintiff judgment against all of them. We hold that this judgment by the trial court was not action on a preliminary motion which did not terminate this litigation.

The judgment is affirmed as to the two corporate defendants: The Young Companies, Inc., and Young/America Construction Corporation, and reversed and remanded for trial on its merits as to defendant, Vernon R. Young, Jr.

AFFIRMED in part and REVERSED and REMANDED in part.