Joseph REIMER, et al., Appellants,

v.

FORD MOTOR CREDIT COMPANY, Appellee.

No. 01–81–0778–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 22, 1982.

Joseph Reimer, pro se.

Steven A. Leyh, Daniel H. Johnston, Jr., Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a suit by Ford Motor Credit Company (Ford Credit) against Joseph Reimer, seeking to set aside a certificate of title issued to the appellant on one 1978 Ford CLT 900 Tractor, Serial No. X98LVBE 8387 and to enjoin the appellant and the Texas Department of Motor Vehicles (Highway Department) from any further transfer or alienation of the title during the pendency of the lawsuit.

Ford Credit commenced an action in April 1980, against Richard Carlton, the owner of record, to foreclose its security interest on a 1978 Ford CLT 9000 truck because of Carlton's default in payment under the retail installment contract which had been assigned to Ford Credit by the original seller. The appellant, Joseph Reimer, apparently claimed a mechanic's lien on that truck for work allegedly performed at the request of Carlton. This case was filed and is still pending in the 164th District Court of Harris County, Texas as cause no. 80–14345. The appellant, who was thought to have possession of the truck, was joined as a nominal defendant. He thereafter removed that case to the United

States District Court on three occasions, and each removal was remanded to the state court. An appeal of one of the Orders of Remand was taken by Reimer to the United States Court of Appeals which ultimately ruled against him. The appellant also brought a damage action in the United States District Court against Judge Lynn Hughes, Constable Rankin, Ford Credit, and its attorneys alleging civil rights violations. This action was dismissed by the United States District Court and, on appeal, that dismissal was affirmed by the United States Court of Appeals.

During the course of one of the removals, the appellant, by foreclosing his mechanic's lien, procured the issuance of the title to the Ford truck in his name. Ford Credit thereupon brought a second entirely different suit under cause no. 80–28863, against the appellant, Richard Carlton, the Highway Department, and S. Gonzales to whom the appellant allegedly transferred the truck. This suit sought to set aside the title issued to the appellant, have the truck sequestered, and enjoin any further transfers of title, pending final outcome of the case. Our review is concerned only with the issues raised in the second case.

The relief sought was based upon allegations that the appellant had acquired title to the motor vehicle which had been the subject of a security interest in favor of Ford Credit by means of fraud. Richard Carlton and S. Gonzales were joined in the event that they had an interest in the vehicle. During the course of the litigation Ford Credit obtained a temporary injunction against the Highway Department and also obtained the issuance of a writ of sequestration which was executed by the constable. The appellant sought dissolution of the writ and, after a full hearing, that relief was denied. Ford Credit initiated discovery against the appellant resulting in an order directing the production of the documents which the appellant alleged formed the basis for his acquisition of title to the truck. After a hearing on a discovery motion, the trial court ordered that the requested documents be produced and further ordered the striking of the appel-

lant's pleadings if the appellant refused to comply with the order. When the appellant continued to refuse to comply, the court rendered a default judgment in favor of Ford Credit, granting its prayer that the foreclosure, which vested title to the truck in the appellant, be set aside. The other parties to the lawsuit were ultimately disposed of by nonsuit and summary judgment, and a final judgment was entered.

The appellant does not specifically set out points of error. Instead, the appellant presents ten questions for review. While the questions are not in the usual form as required by Rule 418(d), Rules of Civil Procedure, V.A.T.S., this court is sufficiently apprised of the appellant's contentions. The appellant's composite point of error complains that the trial court erred in striking the appellant's defensive pleadings and cross action and entering a default judgment in favor of the appellee.

Rule 170, Rules of Civil Procedure, V.A.T.S., provides for sanctions against a party who refuses to comply with an order for making discovery. In pertinent part, it states:

> If a party or an officer or managing agent of a party refuses to obey an order made under Rule 167 the court may make such orders in regard to the refusal as are just, and among others . . . (c) an order striking out pleadings or parts thereof, or staying further proceeding until the order is obeyed; or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . .

■ Ford Credit sought to discover the facts and evidence upon which the appellant relied, in order to sustain its claim that the appellant had fraudulently obtained a certificate of title to the truck in which Ford Credit had a superior security interest. Although Ford Credit filed several motions requesting discovery, no response was made over a ten-month period, notwithstanding the court had entered three orders informing the appellant and his attorney of the consequences of non-compliance. On ap-

peal the question is whether the trial court's decision was arbitrary or unreasonable. The trial court's action can be set aside only upon a showing of a clear abuse of the broad discretion afforded by Rule 170, which was adopted to provide an effective remedy against litigants who fail to comply with discovery rules. *Vestal v. Jackson*, 598 S.W.2d 724 (Tex.Civ.App.— Waco 1980, no writ); *Bottinelli v. Robinson*, 594 S.W.2d 112 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Young Companies, Inc. v. Bayou Corp.*, 545 S.W.2d 901 (Tex. Civ.App.—Beaumont 1977, no writ); *Lueg v. Tewell*, 572 S.W.2d 97 (Tex.Civ.App.— Corpus Christi 1978, no writ); *Phillips v. Vinson Supply Co.*, 581 S.W.2d 789 (Tex.Civ. App.—Houston [14th Dist.] 1979, no writ).

Finding no abuse of discretion, we overrule the appellant's contention that his pleadings should not have been struck.

■ The appellant also contends that the 133rd District Court never acquired jurisdiction over cause no. 80–28863, because cause no. 80–14345 was still pending in the 164th District Court. Since our case embodies an entirely new cause of action, all that was required for the court to have jurisdiction over the cause and the parties was that the suit have been properly filed and citation effected or appearance entered. Here, Ford Credit's suit was filed and assigned at random to the 133rd Judicial District Court. That court retained jurisdiction for all purposes under Rule 11 of the Local Rules of the District Courts of Harris County. Once the court had jurisdiction, it could proceed to judgment. Further, the appellant never challenged the jurisdiction of that court by a proper plea. In the instant case, Ford Credit and the appellant unsuccessfully attempted removals to the federal court. Because no removal was effected, the state court's jurisdiction was never interrupted. We overrule the contention that the 133rd District Court did not have jurisdiction. .

■ The appellant further complains that he had no notice of a temporary injunction hearing as required by Rule 681. Ford Credit requested a temporary re-

straining order when it filed its original petition on June 25, 1980. The court, however, did not grant a temporary restraining order, and instead, set a hearing on June 27, in the 129th District Court at 1:30 p. m. to consider the issuance of a temporary injunction. The appellant states that Ford Credit's counsel went to the clerk's office, picked up the citation which should have been made on appellant, and "deliberately and willfully" prevented service. The record does not show a return of service on the appellant, and there is only the recitation in the judgment that the "appellant came not." Neither is there anything in the record to show that the appellant sought to appeal from the temporary injunction or to have it set aside for lack of notice. The purpose of the temporary injunction was to prevent the transfer of the truck title by the appellant, the Highway Department, or any of the other defendants, pending further order of the court. The trial court determined at the hearing that "immediate and irreparable injury, loss, or damage, as alleged," would result unless a temporary injunction was granted. No error is shown by lack of notice and appellant's point of error is overruled.

■ The appellant also contends that the 133rd District Court abused its discretion by using unsworn statements to support the default judgment. The default judgment is based upon the striking of the affirmative pleadings of the appellant for his persistent refusal to answer discovery. There is no sufficiency of the evidence question raised by this appeal. The default judgment was entered because the appellant's pleadings were struck. This point of error is overruled.

Appellant's remaining points of error have been considered. We find them without merit.

The judgment of the trial court is affirmed.