John ALEXANDER, Appellant,

v.

Joe O. BARLOW, et al., Appellee.

No. 01–82–0640–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 23, 1983.
Rehearing Denied July 21, 1983.

Ron Etzel, Pearland, for appellant.

Roland B. Voight, Houston, for appellee.

Before JACK SMITH, BASS and CO-
HEN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a default judgment ordered by the trial court after the appellant's pleadings were stricken for failure to comply with a discovery order. The appellant urges three points of error. He alleges that the trial court erred in finding that his answers to the appellee's interrogatories did not meet the requirements of the Texas Rules of Civil Procedure, that the trial court abused its discretion in striking his pleadings, and that the trial court erred in overruling his motion for new trial.

The record does not contain a transcription of the proceedings in question; therefore, the facts set forth below are derived from the trial court's findings of fact.

The appellees are the owners of two lots of real property located in Harris County, Texas. This property, including royalty interest and other benefits of a mineral lease, was devised to the appellees by their parents. The appellees filed suit against the appellant on July 7, 1981, alleging that there had been no mineral production from the property for several years in violation of the lease. They requested that the court declare the mineral lease to be invalid and thereby remove the cloud from their title to the property.

The appellant answered by filing a general denial on August 12, 1981. On September 2, 1981, the appellees served on the appellant a set of interrogatories. Although this set contained only four interrogatories, the appellant failed to answer them completely and to verify his answers. The appellees then filed a motion to compel complete answers and verification of all interrogatories. This motion was granted and the appellant filed unverified answers within the time ordered by the court. The fact that the appellant's answers were unverified, occasioned the appellees' second motion to compel answers and verification. The appellant filed his verified answers on December 9, 1981, seven days after the filing of the appellees' second motion to compel.

On December 14, 1981, the appellees served the appellant with a second set of six interrogatories. When answers were not timely filed, the appellees filed a motion to compel the appellant to answer, and he responded by requesting ninety additional days to answer. At the hearing on the motion for additional time, the trial court ordered the appellant to answer within ten days and awarded the appellees $150 in attorney's fees. When the appellant failed to comply with the court's order, the appellees filed a motion for sanctions on March 10, 1982. On March 23, the court ordered that the appellant's pleadings be stricken unless he filed answers to the interrogatories within five days. The appellant filed unverified and incomplete answers on March 26, 1982.

The appellees filed a motion to strike the appellant's pleadings on April 1, 1982. The motion was granted and the pleadings were ordered stricken on April 13. Thereafter, the appellees filed a motion for judgment which was served on the appellant on May 6, 1982. The appellant failed to appear at the hearing on the motion and a default judgment was granted on May 25, 1982. Thereafter, the appellant filed a motion for a new trial, which was denied.

The appellees contend that the appellant failed to appear at the hearings on their motions to compel answers and their motion to strike the appellant's pleadings. The appellant has not denied these allegations; however, since the hearings were not transcribed, this court cannot determine whether the appellant failed to appear. The trial court made findings of fact that the appellant was served notice of each of the appellee's motions.

The appellant initially contends that the trial court erred in its conclusion of law that the appellant's answers to the second set of interrogatories were not separate, full, and complete as required by Rule 168, Texas Rules of Civil Procedure.

Rule 168(5), in pertinent part, imposes the following requirement on answers to interrogatories:

The interrogatories shall be answered separately and fully in writing under oath. Answers to interrogatories shall be preceded by the question or interrogatory to which the answer pertains. The answers shall be signed and verified by the person making them and the provision of Rule 14 shall not apply ....

■ Due to the fact that the nature of interrogatories and the answers thereto are different in any given case, there is. no general rule, other than Rule 168, by which answers to interrogatories are reviewed for sufficiency. Thus, the sufficiency of answers to any given set of interrogatories must be decided on a case by case basis.

The interrogatories and answers at issue in the instant case are as follows:

INTERROGATORY NO. FIVE

For the period commencing April 1, 1976 through December 31, 1976, describe in detail every activity under the Oil and Gas Lease on Lots 13 and 16, stating exactly what was done, who did it, at what location it was done, what equipment was used, the length of time required, and what day or days of each month it was done.

*Answer*

One company rig in place working during period. My employees working on rig. Whitt Service employees working on rig. They were drilling, general maintenance and repair. Equipment included pumping unit, rods, tubing, pumps, separators, flow lines, storage tanks, hand tools. There were other independent contractors at site during this period, but I do not remember each name or date. Also farm-in agreement with McCarter for production. I do not know the details of what they did. Later McCarter dug well and got production from well. Please see attached. McCarter produced from well on said lease from 77 through 79, exact production records on file with Texas Railroad Commission.

INTERROGATORY NUMBER SIX

For the year 1977, describe in detail every activity under the Oil and Gas Lease on Lots 13 and 16, stating exactly what was done, who did it, at what location it was done, what equipment was used, the length of time required and what day or days of each month it was done.

*Answer*

See above—construction of drilling, fishing, testing, general maintenance, and repair. I do not remember each and every detail of all these activities.

INTERROGATORY NUMBER SEVEN

For the year 1978, describe in detail every activity under the Oil and Gas Lease on Lots 13 and 16, stating exactly what was done, who did it, at what location it was done, what equipment was used, the length of time required and what day or days of each month it was done.

*Answer*

See above.

INTERROGATORY NUMBER EIGHT

For the year 1979, describe in detail every activity under the Oil and Gas Lease on Lots 13 and 16, stating exactly what was done, who did it, at what location it was done, what equipment was used, the length of time required and what day or days of each month it was done.

*Answer*

See above.

INTERROGATORY NUMBER NINE

For the year 1980, describe in detail every activity under the Oil and Gas Lease on Lots 13 and 16, stating exactly what was done, who did it, at what location it was done, what equipment was used, the length of time required and what day or days of each month it was done.

*Answer*

See above.

INTERROGATORY NUMBER TEN

For the period comencing January 1, 1981 through June 30, 1981, describe in detail every activity under the Oil and Gas Lease on Lots 13 and 16, stating exactly what was done, who did it, at what location it was done, what equipment was used, the length of time required and what day or days of each month it was done.

*Answer*

See above.

■ The above answers were verified as true and correct to the best of the appellant's knowledge. It is apparent that the appellant's answers were not separate, full and complete as required by Rule 168. The appellant alleges that the railroad commission production reports attached to his answers gave the detailed information requested by the interrogatories. We do not agree. Those reports detail the amount of production obtained on the property as opposed to specifying the activities which occurred. Further, the reports do not specify the persons involved in the activities, nor the type of equipment used.

The appellant has failed to include in the record a statement of facts on the numerous motions to compel and the motion for sanctions. The statement of facts involving the motion for judgment does not include any evidence regarding the sufficiency of the answers to the interrogatories. Thus, the only evidence before this court is the interrogatories and the appellant's answers. In the absence of a statement of facts, it must be presumed that sufficient evidence was introduced to support the findings of fact and conclusions of law by the trial court. *In re Galliher*, 546 S.W.2d 665 (Tex.Civ.App.—Beaumont 1977, no writ).

The appellant's first point of error is overruled.

The appellant next contends that the trial court abused its discretion in striking the pleadings of the appellant as a discovery sanction under Rule 168. His argument assumes that the trial court struck his pleadings merely because he failed to properly verify his answers to the appellee's interrogatories. We cannot agree with this assumption.

The record reflects that the appellant refused to answer the interrogatories propounded by the appellees, despite the orders of the trial court. The appellant answered the first set of interrogatories only after the trial court granted the appellee's two motions to compel. The appellant had notice of the motion to compel answers to the second set of interrogatories, and also had notice of the motions for sanctions, the motion to strike the appellant's pleadings, and the motion for judgment. However, the record does not reflect that the appellant responded to these motions. Further, the record reflects that the appellant failed to appear at the hearing on the appellee's motion for judgment. Hence, the record does not bear out the appellant's argument that the trial court's action was based solely on the appellant's failure to properly verify his answers.

■ The imposition of penalties or sanctions for the failure or refusal of a party to comply with discovery rules is within the sound discretion of the trial court. The measures adopted by the court will be overruled only if the reviewing court finds that the trial court abused its discretion as a matter of law. *Reimer v. Ford Motor Credit Co.*, 635 S.W.2d 162 (Tex.App.—Houston [1st Dist.] 1982, no writ); *Young Companies, Inc. v. Bayou Corp.*, 545 S.W.2d 901 (Tex.Civ.App.—Beaumont 1977, no writ); Tex.R.Civ.Pro. 170.

■ We hold that the trial court did not abuse its discretion in striking the appellant's pleadings. The appellant's second point of error is overruled.

In his final point of error, the appellant alleges that the trial court erred in denying his motion for a new trial, because the court did not include a finding of fact that more than thirty days elapsed between the completion or abandonment of one well and the commencement of operations on another well.

This contention ignores the trial court's finding that there was no production from or operations on either of the appellee's lots from January 1, 1980, to June 1, 1981.

The finding that no activity occurred on the appellee's property for a period of approximately 17 months, obviously includes a finding that more than 30 days elapsed between the completion or abandonment of

one well and the commencement of operations on another well.

The appellant also contends that the record does not contain evidence to support this finding. As stated above, where the appellant fails to include a statement of facts in the appellate record, the reviewing court must presume that sufficient evidence was introduced to support the trial court's findings of fact and conclusions of law. *In re Gallaher, supra.* The third point of error is overruled.

The judgment of the trial court is affirmed.