CITY OF HOUSTON, Appellant,

v.

Madeline Marie ARNEY, Appellee.

No. 01–83–00744–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 18, 1984.

Rehearing Denied Nov. 21, 1984.

F.J. Coleman, City Atty., William T. Fiddes, Jr., Asst. City Atty., Houston, for appellant.

Robert L. Collins, Houston, for appellee.

Before DUGGAN, JACK SMITH and BULLOCK, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from the entry of an interlocutory default judgment against the appellant, City of Houston, and from the trial court's award of $502,500 in damages. The default judgment was entered after the trial court struck the City's pleadings, pursuant to Rules 168(8), 170(c) and 215a(b), Tex.R.Civ.P. (Vernon Supp.1983), for failure to comply with the court's order to answer interrogatories. After the entry of the default judgment, a hearing on damages was held before the trial court, although a jury fee had been paid by the City, at which time the court made its damage award. This appeal follows the overruling of the City's motion for new trial.

The plaintiff filed suit on October 4, 1982, alleging that personnel at a free health clinic operated by the City of Houston Health Department failed to inform her that her pap smear had revealed a "precancerous" condition, and that as a result of this failure to notify she was forced to undergo a complete hysterectomy.

The plaintiff served interrogatories upon the City on November 11, 1982, to be answered on or before December 12, 1982. Answers were not filed, and plaintiff filed her motion to compel answers. The motion to compel was heard February 3, 1983, and on that date the court entered an order compelling the City to answer plaintiff's interrogatories by March 3, 1983. On May 5, 1983, nine weeks after the due date, plaintiff filed her motion to strike pleadings. The City was notified of the hearing set for May 10, 1983, but did not appear. Plaintiff's motion for sanctions was granted and the City's pleadings were stricken.

The City had earlier mailed its answers to the interrogatories to the clerk's office, and the answers were filemarked as being received at 9:26 a.m. on May 10, 1983, the day of the hearing on plaintiff's motion to strike pleadings. The appellant admits that it was notified of this setting and that its attorney did not attend the motion hearing.

Appellant contends that the trial court abused its discretion in entering the interlocutory default judgment as a sanction for appellant's failure to timely answer appellee's interrogatories.

Under the then applicable Texas Rules of Civil Procedure 168(8), 170(c) and 215a(b), a trial judge was authorized to impose sanctions for abuse of the discovery process. Specifically, Rule 170(c) stated that such sanctions may consist of striking pleadings, dismissing the cause of action, or rendering a default judgment. The choice of the appropriate sanction is for the trial court rather than the appellate court, and as long as such sanctions are within

the authority vested in the trial court, they will not be overturned unless they constitute a clear abuse of discretion. *Illinois Employers Insurance Company of Wausau v. Lewis*, 582 S.W.2d 242, 245 (Tex.Civ. App.—Beaumont, *writ ref'd n.r.e. per curiam*, 590 S.W.2d 119 (Tex.1979)). In deciding whether or not there was an abuse of discretion, the question is whether the trial court's decision was arbitrary or unreasonable. *Bottinelli v. Robinson*, 594 S.W.2d 112, 117 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

> *The authorized sanctions are not intended to be arbitrary and exclusive, but flexible and plural*, vesting in the trial court broad discretion to fashion a remedy which will secure compliance with its orders and deter future non-compliance. (Emphasis added).

*Lewis*, 582 S.W.2d at 244.

■ "[A]buse of the discovery rules has caused a trend in federal and state courts toward using sanctions to deter violations of the rules by other litigants." *Southern Pacific Transp. Co. v. Evans*, 590 S.W.2d 515, 518 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), *cert. denied*, 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980).

> [T]he most severe in the spectrum of sanctions [dismissal or default] provided by the statute or rule must be available to the district court *in appropriate cases*, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. (Emphasis added).

*Id.* (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)).

In addressing claims of judicial abuse of discretion in the choice of sanctions for discovery abuse, the reported decisions have uniformly examined the particular facts of each case.

A chronology of events in this case indicates the following:

1. October 4, 1982—Plaintiff's Original Petition filed.

2. October 22, 1982—Defendant's Original Answer filed.

3. November 11, 1982—Plaintiff's interrogatories served on defendant.

4. November 15, 1982—Memo sent from City's attorney to Investigators, Legal Department, requesting information about plaintiff's claim for Answers to Plaintiff's First Series of Interrogatories.

5. December 12, 1982—due date for answers to plaintiff's interrogatories.

6. January 18, 1983—Memo from Sgt. V.H. Schultea to defendant City's attorney, stating that the investigation of plaintiff's claim was completed and returning file.

7. February 3, 1983—Plaintiff's Motion to Compel granted and City's attorney ordered to answer interrogatories by March 3, 1983.

8. February 18, 1983—Letter sent from City's attorney to plaintiff's attorney explaining delay in answering interrogatories.

9. February 18, 1983—Memo to City's investigators from City's attorney requesting update on investigation in order to answer interrogatories.

10. May 5, 1983—Plaintiff's Motion to Strike Pleadings filed.

11. May 10, 1983—Hearing on Plaintiff's Motion to Strike Pleadings set for 8:30 a.m.; motion granted.

12. May 10, 1983, 9:26 a.m.—City's answers to plaintiff's interrogatories filed.

13. May 13, 1983—Order signed striking City's pleadings and granting interlocutory default judgment.

14. June 27, 1983—City's Motion for New Trial overruled by trial court.

15. June 28, 1983—Plaintiff's hearing on damages held.

16. July 14, 1983—Final judgment signed.

A party who seeks discovery under the rules of procedure is not obligated to invoke lesser initial sanctions before requesting the striking of pleadings. *Lewis v. Illinois Employers Insurance Company of Wausau*, 590 S.W.2d 119, 120 (Tex. 1979). Even though the appellee here did seek the less severe remedy of a motion to compel, the appellant failed to respond. It is undisputed that at no time during the six-month period from the November, 1982 service of plaintiff's interrogatories until the May, 1983 order striking the City's answer did the City (1) request a hearing to object to the interrogatories; (2) allege that the interrogatories were not answered because of mistake, lack of information, lack of notice, or even neglect; or, (3) communicate with the court in any manner to explain its apparent indifference to the court's order. *Pearson Corp. v. Wichita Falls Boys Club Alumni Ass'n, Inc.*, 633 S.W.2d 684, 686 (Tex.App.—Fort Worth 1982, no writ); *Evans* at 519. However, as the record above shows, the City's attorney did send a letter to plaintiff's attorney explaining the delay in answering the interrogatories and stating that an investigation had been initiated to gather information in order to answer the interrogatories. The record also contains the affidavit of the City's attorney, William T. Fiddes, Jr., attached to the City's Motion for New Trial filed August 12, 1983. In this affidavit, Fiddes states that he spoke with the plaintiff's attorney's secretary on Friday, May 6, 1983, informed her that the answers to interrogatories were in the mail, and told her that unless he was informed otherwise there would be no need for a hearing on plaintiff's motion for sanctions. Fiddes likewise states in the affidavit that he did not hear from plaintiff's attorney or the secretary that day, and consequently did not appear at the hearing on sanctions. We also note that appellee's motion to strike was granted on the same day appellant's answers to interrogatories were filed, and that the order striking defendant's pleadings was entered three days later, when the interlocutory default judgment was signed.

In *Illinois Employers Insurance Company of Wausau v. Lewis, supra,* the Beaumont Court of Appeals held that the trial court abused its discretion in striking the defendant's pleadings when the answers to interrogatories were on file with the court at the time this sanction was imposed. 582 S.W.2d at 245. However, the facts in *Lewis* which gave rise to a finding of an abuse of discretion are clearly distinguishable from our case.

In *Lewis*, the answers to plaintiff's interrogatories were due on August 4. Plaintiff filed its motion for sanctions on August 28, and the hearing on this motion was held September 1; however, the defendant filed its answers to interrogatories fifteen minutes before the hearing on sanctions began. The trial court granted the plaintiff's motion for sanctions and struck the defendant's pleadings, despite the fact that it had been brought to the court's attention that the answers were on file. The entire period of time between the date that defendant's answers were initially due and its pleadings were struck encompassed about four weeks.

In our case, by contrast, the time period between answer due date and the striking of the pleadings is a total of six months. In addition, during that six-month period the court's order compelling the answers to the interrogatories was issued and ignored by the City and nothing was done to answer the interrogatories until the threat of a motion for sanctions was placed over the City's head. Furthermore, there is nothing in the record to indicate that the trial judge was even aware that the answers to the interrogatories had been filed or would be filed on the day of the hearing on sanctions. *Bass v. Duffey*, 620 S.W.2d 847, 489 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). *See* also *Alexander v. Barlow*, 671 S.W.2d 531 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Reimer v. Ford Motor Credit Co.*, 635 S.W.2d 162 (Tex.App.—Houston [1st Dist.] 1982, no writ).

■ Under the facts presented, we do not find that the trial court's action in striking appellant's answer, a sanction available under the Texas Rules of Civil Procedure, constituted a clear abuse of discretion. We overrule appellant's contention that the trial court erred in striking the answer.

In subpoint 5 of appellant's first point of error, appellant contends that, despite the payment of a jury fee and repeated demands for a jury, the trial court refused to empanel a jury at the post-default hearing to determine appellee's damages.

■ While it is uncontroverted that appellant paid a jury fee, appellant's assertion that the court denied it a jury trial after repeated demands finds no support in the record. The record of the hearing on damages contains no evidence of an objection by the appellant that a jury was not empanelled to hear testimony. *Compare Coleman v. Sadler*, 608 S.W.2d 344, 346–47 (Tex.Civ.App.—Amarillo 1980, no writ) with *Webb v. Webb*, 602 S.W.2d 127, 129 (Tex. Civ.App.—Austin 1980, no writ). A litigant must take affirmative action to avoid a waiver of his right to jury trial. The deposit of the jury fee with the district clerk by itself does not constitute a demand for a jury. *Walker v. Walker*, 619 S.W.2d 196, 197–98 (Tex.Civ.App.—Tyler 1981, writ ref'd n.r.e.). Where, as here, appellant appears, enters upon a hearing before the court without objection, and calls upon the court to decide an issue of fact, he waives his right to a jury. After the court rules adversely to his position, appellant will not be heard to complain that he was entitled to have a jury decide the fact question rather than the court. *Walker* at 198, citing *Hernandez v. Light Pub. Co.*, 245 S.W.2d 553, 554 (Tex.Civ.App.—San Antonio 1952, writ ref'd). Subpoint 5 of appellant's first point of error is overruled.

Subpoints 9 and 10 of appellant's first point of error contend that there was no evidence or insufficient evidence to support an award of $502,500 in damages and that such damage award was so contrary to the great weight and preponderance of the evidence as to shock the conscience.

■ The trial court heard testimony at the hearing on damages and a statement of facts has been filed with this court. Plaintiff's Original Petition alleges that she was injured because of the negligent acts of the defendant and that such injury caused her to sustain damages. The testimony contained in the statement of facts is to the same effect. No findings of facts and conclusions of law were filed nor were any requested by appellant. Where no findings have been made, all questions of fact are presumed to have been in support of the trial court's judgment, and the trial court's judgment must be affirmed if it can be upheld on any legal theory with support in the evidence. *Goodyear Tire & Rubber Co. v. Jefferson Const. Co.*, 565 S.W.2d 916 (Tex.1978). Subpoints 9 and 10 of appellant's first point of error are overruled.

■ In subpoint 4 of appellant's first point of error, appellant contends that it was error for the trial court to enter a final judgment because no "notice of entry of default" was given to appellant under Rule 239a, Tex.R.Civ.P.

The purpose of Rule 239a is to afford a defendant who has failed to answer a lawsuit the opportunity to be apprised of the default judgment rendered against him so that he can file a motion for new trial or an appeal. It is designed as an administrative convenience for the parties and the failure to file a certificate of last known address does not constitute reversible error. *Grayson Fire Extinguisher Co., Inc. v. Jackson*, 566 S.W.2d 321, 322 (Tex.Civ.App.—Dallas 1978, ref'd n.r.e). Subpoint 4 of appellant's first point of error is overruled.

Subpoints 2, 3, 4, 7, 8, and 11 of appellant's first point of error are not supported by the record. Furthermore, these subpoints are not briefed by appellant and we need not address them. *Bottinelli*, 594 S.W.2d at 119; *Archer v. State*, 548 S.W.2d 71, 75 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.). Subpoints 2, 3, 4, 7, 8, and 11

**874**

of appellant's first point of error are overruled.

Because the issues raised by appellant's points of error two and three are closely related, these points will be considered together.

Appellant's second point of error contends that the trial court erred in entering a final judgment for an amount of damages five times greater than the maximum allowed by the Texas Tort Claims Act, art. 6252–19, sec. 3(b), Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1984), for two alternate reasons. First, the City urges that because appellee's cause of action was brought only by virtue of the provisions of the TTCA, appellant was not subject to the TTCA's waiver provisions while engaged in a governmental function. Alternatively, the City argues, if appellant was subject to the waiver provisions of the TTCA, the provisions of the Medical Liability and Insurance Improvement Act, art. 4590i, Tex.Rev.Civ. Stat.Ann. (Vernon Supp.1984), do not function as an additional waiver of governmental immunity.

Appellant's third point of error contends that the trial court erred in entering a final judgment against appellant because (1) the appellant is immune from liability in the lawsuit upon which the judgment is based; and, (2) Plaintiff's Original Petition does not state a cause of action for which the substantive law provides relief.

Because this is equivalent to a "no answer" default judgment case, the judgment may stand only "if the plaintiff has alleged a claim upon which the substantive law will give relief." *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex.1979). A default judgment has the effect of admitting all matters properly alleged, except the amount of unliquidated damages. However, on appeal or writ of error it may be contended that no cause of action in law is alleged, and if this contention is sustained, the judgment will fall. *Rector v. Metropolitan Life Insurance Co.*, 506 S.W.2d 696, 700 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.); 4 Mc-

Donald Texas Civil Practice sec. 17.23.3 (1971).

Section 3 of the TTCA provides for waiver of governmental immunity in three general areas: (1) use of publicly owned automobiles; (2) premises defects; and, (3) injuries arising out of conditions or use of property. *Duhart v. State*, 610 S.W.2d 740, 742 (Tex.1980). In plaintiff's original petition, she alleges that she was injured through the negligent "keeping of files, records or other documentation and means of notification, a use or condition of tangible personal property" on the part of the City's hospital. This allegation states a cause of action upon which the substantive law will give relief under the TTCA. The default judgment against the City as to liability had the effect of admitting that the plaintiff had a viable cause of action under the waiver provisions of the TTCA. The trial court's judgment as to the liability of the City can stand. However, that portion of the trial court's judgment which awards plaintiff damages in the amount of $502,-500 cannot.

Appellee contends that because a default judgment was entered, appellant was denied its defenses, including that of sovereign immunity, and thus its liability for damages is increased to $500,000 by virtue of the provisions of the MLA. This contention cannot be sustained.

A governmental unit is not liable for the torts of its officers or agents while performing a governmental function in the absence of a constitutional or statutory provision therefor. *Duhart* at 741. The law is equally well-settled in Texas that the operation and maintenance of a public hospital by a municipality is a governmental function. *City of Dallas v. Smith*, 130 Tex. 225, 107 S.W.2d 872, 877 (1937); *Bryant v. Mission Municipal Hospital*, 575 S.W.2d 136, 137 (Tex.Civ.App.— Corpus Christi 1978, no writ). A sovereign does not waive the $100,000 limit of liability imposed by the Texas Tort Claims Act by failure to plead and urge it. *State Highway Department v. Pinner*, 531

S.W.2d 851, 858 (Tex.Civ.App.—Beaumont 1975, no writ).

Prior to the enactment of the Texas Tort Claims Act, there was no liability for torts committed by a governmental unit. With its adoption, the 61st Legislature waived governmental immunity for certain types of causes of action and specifically limited the liability of any unit of local government to $100,000 per person and $300,000 for any single occurrence for bodily injury or death. Art. 6252–19, sec. 3(b) (Vernon Supp.1984).

 It is undisputed that, by definition of the health care facilities covered, the MLA expressly includes municipal hospitals within its scope. However, this inclusion of municipal hospitals does not increase the limits of a municipal hospital's liability to the amount otherwise available under the MLA. Even though the MLA was enacted later in time than the Texas Tort Claims Act, it does not supplant the latter's provisions limiting a governmental unit's liability in the performance of a governmental function. A well-settled principle of Texas jurisprudence holds that when the law makes a general provision for all cases and a special provision for a particular class of cases, the general must yield to the special insofar as the particular class is concerned. *Sam Bassett Lumber Co. v. City of Houston*, 145 Tex. 492, 198 S.W.2d 879, 881 (1947). By passage of the Texas Tort Claims Act the Legislature did not intend to abolish the doctrine of sovereign immunity entirely, but deliberately retained it in some areas. *Dobbins v. Texas Turnpike Authority*, 496 S.W.2d 744, 748 (Tex. Civ.App.—Texarkana 1973, writ ref'd n.r. e.).

In order for the Legislature to waive sovereign immunity, it must do so by clear and unambiguous language. *Duhart* at 742. Waiver of sovereign immunity cannot be effected by implication, but must be expressly waived. *Texas Prison Board v. Cabeen*, 159 S.W.2d 523, 527 (Tex.Civ.App. —Beaumont 1942, writ ref'd). We find no express waiver of the limits of liability of the Texas Tort Claims Act in the provisions of the Medical Liability and Insurance Improvement Act.

Plaintiff has a cause of action upon which the substantive law can grant her relief only by virtue of the waiver of sovereign immunity provided by the Texas Tort Claims Act. Accordingly, she must accept the Act's limits on liability along with its benefits. *City of Austin v. Cooksey*, 570 S.W.2d 386, 387 (Tex.1978).

The judgment of the trial court as to liability is affirmed; that part of the judgment awarding damages is reformed to delete $402,500 therefrom, bringing the damage award within the applicable limits of the Texas Tort Claims Act, art. 6252–19, sec. 3(b). As reformed, judgment in the amount of $100,000 is affirmed. *City of Houston v. Le Blanc*, 562 S.W.2d 20, 22 (Tex.Civ.App.—Waco 1978, writ ref'd n.r. e.).