**CITIZENS OF TEXAS SAVINGS & LOAN ASSOCIATION, Appellant,**

v.

**FOX & JACOBS, INC., Appellee.**

No. 05-85-00421-CV.

Court of Appeals of Texas, Dallas.

Aug. 5, 1985.

Rehearing Denied Sept. 9, 1985.

Robert W. Jones, Liddell, Sapp, Sivley & LaBoon, Dallas, for appellant.

Malia A. Litman, Thompson & Knight, Dallas, for appellee.

Before STEPHENS, GUILLOT and DEVANY, JJ.

DEVANY, Justice.

Fox & Jacobs, appellee, was granted a preliminary injunction, which we treat for all purposes herein as a temporary injunction, against RepublicBank, N.A., one of the defendants in the underlying lawsuit, from which Citizens of Texas Savings & Loan Association, appellant, appeals. We affirm the order.

Fox & Jacobs obtained a temporary restraining order on February 19, 1985, prohibiting RepublicBank from paying under a letter of credit in the amount of $70,000. In preparing for the hearing on the temporary injunction, Fox & Jacobs was granted leave on February 21 to take the deposition of one Sylvia Smith, president of another defendant, Houco, Inc. The deposition was scheduled for February 27 at 9:00 a.m., but Smith did not appear and no reason was given for her failure to appear. An order was entered postponing the scheduled hearing on the temporary injunction from February 28 to March 8 and requiring Smith to appear for deposition and provide all documents called for in the notice of deposition on or before March 4, to which order Houco, Inc. agreed. Smith appeared on March 4 without all of the requested documents and refused to answer certain questions. Because of this discovery problem, a second order was entered again postponing the temporary injunction hearing. On March 11 Fox & Jacobs filed a motion for sanctions complaining of the failure of Smith to appear for the first deposition, and for her failure to produce documents and answer questions at the second deposition. Fox & Jacobs requested preliminary injunctive relief in its motion, which was set for hearing on March 21. Houco, Inc. delivered a set of documents to Fox & Jacobs' attorney the night before the hearing. The trial court postponed the hearing to give the attorney for Fox & Jacobs time to review the documents, which were found to be incomplete. Another deposition was set for Smith on March 25 to secure the remaining documents and complete her testimony along with another officer of Hou-

co, Inc. This resulted in further failure to complete the depositions and secure the documents sought. A supplemental motion for sanctions was filed by Fox & Jacobs and at the hearing on this motion Houco, Inc. failed to give adequate explanation for the failure of its officers to obey the order of the trial court. On March 25, the trial court entered an order granting a preliminary injunction against RepublicBank from honoring, paying or complying with the underlying letter of credit after finding that Houco, Inc. had repeatedly violated the orders of the court. Citizens of Texas is the assignee of Houco, Inc.

Citizens of Texas complains in two points of error that the trial court abused its discretion in granting a preliminary injunction as a sanction.

TEX.R.CIV.P. 215 2b provides for sanctions when parties fail to comply in discovery matters and the court may "make such orders in regard to the failure as are just." Fox & Jacobs alleged in its pleading that the demand under the letter of credit was fraudulent; that Houco, Inc. never performed its obligations; and that the documents submitted to RepublicBank were fraudulent on their face. Fox & Jacobs is entitled to prove its allegations and is entitled to use the tools of discovery provided by the rules of civil procedure. When it was denied this right, one of the essential sanctions necessary to secure a "just" result is to maintain the status quo until the court can make a determination of such allegations. The purpose of an injunction is to preserve the status quo. *Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).

Citizens of Texas contends that it is not its fault if another defendant failed to comply with the order of the court and argues that such a sanction is an abuse of discretion. However, Citizens of Texas derived its rights from Houco, Inc., the defendant who disobeyed the order of the court. Since the trial court's order was disobeyed, the court must maintain the status quo to insure a just result pending a determination of the issues before it. There are equities to be considered for all the litigants pending a trial of the issues. In such a situation, the most equitable result is one that preserves the rights of all the parties, taking into consideration the standing of each party and from whom each derived its rights. Citizens of Texas further complained at oral argument that it is losing the use of the money payable under the letter of credit. However, the trial court ordered that Fox and Jacobs file a bond in the amount of $3,000.00 which will protect Citizens of Texas for any loss of interest. If this amount becomes inadequate because of further delays, the court has the power to increase the bond. Therefore, the court has soundly considered the rights of all the parties. Under the facts of this case, the rights of Citizens of Texas being derivative of Houco, Inc., the fact that Citizens of Texas was knowledgeable of the claim of fraud committed by Houco, Inc., and the fact that Fox and Jacobs was seeking an injunction, there has been no abuse of discretion. A reviewing court will not overrule such discretion unless it finds the trial court's action is an abuse of discretion as a matter of law. *Alexander v. Barlow*, 671 S.W.2d 531, 534 (Tex.App.— Houston [1st Dist.] 1983, no writ). "By the very nature of things, motions for the protections of parties ... for failure ... to comply with discovery orders, must be addressed to the sound discretion of the trial court." *Fisher v. Continental Illinois Nat. Bank & Trust Co. of Chicago*, 424 S.W.2d 664, 670 (Tex.Civ.App.—Houston [14th Dist.] 1968, ref. n.r.e.).

The order of the trial court is affirmed and costs of this appeal are assessed against Citizens of Texas Savings & Loan Association, appellant.