**Annabell THOMAS et al., Appellants,**

v.

**Hubert E. THOMAS et al., Appellees.**

**No. 4340.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 24, 1969.

Rehearing Denied Nov. 14, 1969.

C. O. McMillan, Ennis Favors, Stephenville, for appellants.

Hooper & Perry, Scarborough, Black, Tarpley & Scarborough, J. R. Black, Jr., Abilene, Sam Cleveland, Dist. Atty., Stephenville, for appellees.

WALTER, Justice.

Hubert E. Thomas, individually and as independent executor of the estate of Elzia E. Thomas, deceased, Grace Sullenberger, Gladys Shields, Mary Louise Bryan, Dorothy Grolbert and Jacob Irving Thomas, filed suit against Annabell Thomas and Nancy A. Thomas for a declaratory judgment to construe the will of Elzia E. Thomas who died January 14, 1964.

The court decreed that the will executed by Elzia E. Thomas and Nancy A. Thomas on the 14th day of January 1964 was a joint and mutual will. The court further decreed that the deeds which Nancy A. Thomas executed to her daughter, Annabell Thomas, be set aside and declared null and void. The judgment also enjoins and restrains the appellants from disposing of any of the corpus of the estate. The defendants have appealed.

The appellees and the appellant Annabell Thomas are the surviving children

of the appellant Nancy A. Thomas and Elzia E. Thomas, deceased.

Appellants' five points contest the sufficiency of appellees' pleadings to authorize the judgment. The pleadings show that Mr. and Mrs. Thomas executed a joint and mutual will which is contractual in nature; that Mr. Thomas died, his will was probated, and Hubert E. Thomas is acting as independent executor, and Mrs. Nancy A. Thomas has accepted under the will. The appellees asked for a judgment declaring their rights under the will. They also asked that the deeds from Mrs. Thomas to Annabell be set aside. The will provided:

"The survivor of us shall hold the corpus of this estate together during the life of said survivor.—it being our will that the survivor shall have all the powers and authority that an absolute owner would have, except that the survivor shall hold the corpus of said estate together during the lifetime of such survivor, and such survivor shall be entitled only to the income therefrom for such survivor's use during the lifetime of such survivor."

Paragraphs six and seven of the petition recites:

"Plaintiffs would show to the Court that the defendant Nancy A. Thomas is not attempting to carry out the provisions of said will to hold the corpus of said estate together for the plaintiffs and defendant Annabell Thomas, but has done some acts contrary and repugnant to the provisions of said mutual and joint will. That she has executed deeds to Annabell Thomas which show on their face and as a matter of law that they violate and are repugnant to the provisions of said joint and mutual will. That one of said deeds is dated the 14th day of November, 1966, and filed in the Deed Records, Book 410, page 557, Erath County, Texas, and a certified copy of said deed is hereto attached and marked Exhibit 'B'. That a second deed, dated 8th day of September, 1967, and filed in the Deed Records, Book 417, page 435, Erath County, Texas, was executed, and a certified copy of same is attached hereto and marked Exhibit 'C'. That said deed has numerous recitations in it which shows on its face that it is contrary and repugnant to said joint and mutual will, and both deeds attempt to convey land in Erath County, Texas, to the defendant Annabell Thomas. That a third deed dated 28 March 1968 was filed for record on the 1st of April, 1968 in the Deed Records, Vol. 392, page 199, Howard County, Texas, attempting to convey 640 acres in Howard County, Texas, a certified copy of same is hereto attached and marked Exhibit 'D'. That said deeds attempt to convey approximately 2,140 acres of land to the defendant Annabell Thomas. That said deeds are repugnant and contrary to the joint and mutual will and are invalid upon their face, and plaintiffs ask that they be set aside and rescinded and held null and void."

"Plaintiffs would further show that the said Nancy A. Thomas having agreed to said mutual and joint will, and having accepted the benefits thereunder, is estopped to change any of its provisions and is estopped from doing acts repugnant thereto, and is estopped from attempting to convey said land and sign said deeds to the defendant Annabell Thomas. That said deeds were not supported by adequate consideration and were not bona fide sales, but were for the purpose of conveying the estate to the defendant Annabell Thomas instead of preserving same for all of said plaintiffs and the defendant Annabell Thomas. For all of the above reasons, said deeds should be in all things set aside and held null and void."

The judgment recites that Annabell Thomas was ordered by the court to answer some interrogatories that had been propounded to her and also appear in court and submit herself to a further deposition and questioning in the presence of the court. Mrs. Nancy A. Thomas was also ordered to answer some interrogatories.

The judgment shows that both of the appellants refused to obey the orders of the court.

The judgment provides:

"The Court further finds that the will attached to the Plaintiffs' First Amended Original Petition and marked Exhibit A is a joint and mutual will, contractual in nature, and that Elzia E. Thomas is deceased, and that said will has been duly probated and has been ratified as a matter of law by Nancy A. Thomas and that said will is binding upon the said Nancy A. Thomas, and that the deeds which she has executed to her daughter are repugnant to the provisions of said will and should be set aside and that the corpus of said estate should be held by the said Nancy A. Thomas for the beneficiaries, being the children of said marriage, being the defendant, Annabell Thomas, and the other children who are plaintiffs in this cause, and that the plaintiffs are entitled to an injunction to preserve the corpus of said estate in accordance with the terms of said will;" The judgment proceeds to set aside the deeds and enjoin appellants from disposing of any of the corpus of the estate.

The appellees' cause of action is set forth in their pleadings in plain and concise language sufficient to give fair notice of their claim and sufficient to authorize the judgment rendered.

The appellees contend that Nancy A. Thomas has a life estate in the property and that the remaindermen have no cause of action insofar as the disposition made by the survivor of her own life estate is concerned. Appellants contend that Mrs. Thomas at least owned a life estate in the property. They contend that such deeds from Mrs. Thomas to Annabell were effective as alienations of Mrs. Thomas' life estate under Article 1290. We hold that Mrs. Thomas did not have an unrestricted life estate and she was obligated under the will to "—hold the corpus of said estate together during the lifetime of such survivor—"

"Prior to the death of either party to a joint and mutual will, it is revocable by either. However, because of the contractual nature of the instrument, if, after the death of one subscriber, the other probates the will and takes under it, he will be held in equity to the terms of the will. In these circumstances, the survivor is estopped to deny the provisions of the instrument, and he may not make any dispositions inconsistent with it or defeat the rights of remaindermen." 61 Tex.Jur.2d pgs. 239–240.

The record reveals that appellants were given every opportunity to obey the order of the court, but they refused to appear in court for a deposition. The court had no alternative than to invoke the provisions of Rules 170(c) and 215a(c) of the Texas Rules of Civil Procedure.

We have considered all of appellants' points and find no merit in them. They are overruled.

The judgment is affirmed.