Wilford FULTZ, Appellant,

v.

CUMMINS SALES & SERVICE, INC., North Shore Boat Works and Roger Ford, Individually, Appellees.

No. 1405.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 30, 1979.

Joseph A. Cohn, Jr., Corpus Christi, for appellant.

Dudley B. Foy, Jr., Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This case involves an appeal from an order dismissing a subrogation action with prejudice as to all defendants for alleged failure of the nominal plaintiff (subrogor) to comply with a discovery order. The subrogation action arose out of an accident wherein a yacht purchased by Wilford Fultz (insured; subrogor; nominal plaintiff) was damaged by fire allegedly resulting from the negligent and defective manufacture and repair of the vessel. The action was brought in plaintiff's name by Insurance Company of North America (INA; subrogee, insuror) against Cummins Sales and Service, Inc. (Cummins Sales), Cummins Engine Company, Inc. (Cummins Engine), North Shore Boat Works (North Shore), Miller Yacht Sales, Inc. (Miller Yacht), Egg Harbor Boat Company, Inc. (Egg Harbor) and Aeroquip, Inc. (Aeroquip).

The relevant pre-trial history of this case began on September 9, 1977, when Egg Harbor and Miller Yacht propounded written interrogatories to Fultz, plaintiff. These were followed on the 17th and 18th of January, 1978, by interrogatories and supplemental interrogatories propounded to Fultz by Cummins Engine.

Never having received a response from Fultz, Egg Harbor and Miller Yacht moved the court on February 27, 1978, to compel Fultz to answer the September 9, 1977, interrogatories. An order to that effect was signed by the trial judge on March 10, 1978. This order instructed Fultz to answer the September 9, 1977, interrogatories on or before March 13, 1978. In the meantime, Cummins Engine had not received any response from Fultz. Hence, on March 30, 1978, Cummins Engine filed a motion to compel discovery.

Eight months after their interrogatories had been propounded and a month and a half after the court-imposed deadline, Egg Harbor and Miller Yacht moved on May 1, 1978, to dismiss the cause for Fultz's failure to answer the interrogatories propounded to him. The following day, May 2, 1978, an "agreed" order was signed by the court. The order, in relevant part, provided:

" . . . Cummins Engine Company, Inc. having asked for the following Order and it appearing to the Court that neither the Plaintiff, Wilford Fultz, nor the Defendant, Miller Yacht Sales, Inc., had any objections thereto and, in fact, agreed thereto, it is therefore

ORDERED and DECREED by the Court:

1. That the plaintiff, Wilford Fultz, make answers to the Rule 168 Interrogatories propounded to him by the Defendant, Cummins Engine Company, Inc., and file the same with the Clerk of the Court on or before May 3, 1978, at 5:00 PM in the form required by Rule 168, T.R.C.P., upon penalty of having his cause dismissed pursuant to Rule 170, T.R.C.P.

2. That the Plaintiff, Wilford Fultz, makes answers to the Supplemental Rule 168 Interrogatories served upon him by the Defendant, Cummins Engine Company, Inc., as required by Rule 168, T.R.C.P., and file them with the Clerk of this Court on or before May 3, 1978, at 5:00 PM upon penalty of having his cause dismissed pursuant to Rule 170, T.R.C.P."

In response to the agreed order, Fultz, on May 3, 1978, filed answers to the interrogatories and supplemental interrogatories propounded by Cummins Engine and the interrogatories propounded by Egg Harbor and Miller Yacht. None of the answers, however, were signed or sworn to by him. Instead, his attorney signed all three replies, swearing only that the answers were "true and correct to the best of [the attorney's] knowledge."

The next day Cummins Engine filed a motion to strike plaintiff's answers and to dismiss his cause of action "with prejudice pursuant to the May 2 order" because 1) the answers were not properly verified and 2) the answers were so inadequate as to demonstrate "bad faith." At that time, the trial judge also had before him the joint motion of Yacht Sales and Egg Harbor filed April 28, seeking the imposition of discovery sanctions for plaintiff's failure to answer their interrogatories. A hearing was held on May 5, 1978, to determine the issue of compliance with discovery. No decision was made at this hearing and the matter was continued until June 16, 1978. In the meantime, on June 14, 1978, Fultz filed new responses to the interrogatories propounded by Cummins Engine and the interrogatories propounded by Miller Yacht and Egg Harbor. These answers, while substantively unchanged, were properly signed and verified by him.

On June 16, 1978, the matter of compliance with the agreed order of May 2, 1978, was taken up again by the court. As a result of this hearing, judgment was rendered on June 21, 1978, that the cause be dismissed with prejudice. In relevant part, the judgment recited:

". . . an agreed Order by and between the Plaintiff, Wilford Fultz, and the Defendant, Cummins Engine Company, Inc. was entered by the Court under the terms of which it was agreed and ordered that the Plaintiff, Wilford Fultz, would make answers to Rule 168 Interrogatories propounded to him by the Defendant, Cummins Engine Company, Inc. in the form required by Rule 168, Texas Rules of Civil Procedure, and file the same with the Clerk of Court on or before May 3, 1978, at 5:00 p. m. upon penalty of having his cause dismissed pursuant to Rule 170, Texas Rules of Civil Procedure; that the Plaintiff, Wilford Fultz, would make answers to Supplemental Rule 168 Interrogatories served upon him by Cummins Engine Company, Inc. as required by Rule 168, Texas Rules of Civil Procedure, and file them with the Clerk of the Court on or before May 3, 1978, before 5:00 p. m. upon penalty of having his cause dismissed pursuant to Rule 170, Texas Rules of Civil Procedure, . . . "

Fultz attacks the judgment on the grounds that the trial court abused its discretion in choosing such a harsh sanction, and that he was in essential compliance with the agreed order of discovery as of June 16, 1978, when the court reached its decision. In the alternative, Fultz contends that even if it could be said that he failed to comply with the agreed order, it was error for the trial court to dismiss the cause as to all defendants.

The May 2 order is not an order which is founded upon an agreement reached by the parties. It is an order by the trial judge which was agreed to by plaintiff and Cummins Engine. Therefore, the rules discussed by our Supreme Court in

*Vickrey v. American Youth Camps, Inc.*, 532 S.W.2d 292 (Tex.Sup.1976) and in *Matthews v. Looney*, 132 Tex. 313, 123 S.W.2d 871 (1939) do not apply. However, we will (and do) discuss the terms of the order, together with the effect of the agreement by plaintiff and Cummins Engine that the same be made by the trial court.

Rule 11, T.R.C.P., expressly states:

"No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

Here, the only agreement that purports to comply with Rule 11 is the May 2 agreed order. Insofar as this appeal is concerned, this order was reduced to writing and approved as to form and substance by the attorneys for plaintiff and Cummins Engine. The terms of the order do not necessarily show that the parties intended that the sanction of dismissal would be imposed if plaintiff answered the interrogatories propounded and the only formal defect in such answers concerned an improper signature and verification. Even if it is assumed that the sanction of dismissal would be imposed in such a case, a proper interpretation and construction of the remainder of the agreed order does not support the conclusion that 1) the parties intended such dismissal to be *with prejudice*; or 2) the parties intended the dismissal to be a dismissal as to any defendant other than Cummins Engine. Nor can these essential terms which are not expressly contained in the order be supplied by implication.

The order of May 2, by its express terms, was intended for the purpose of compelling plaintiff to answer Cummins Engine's interrogatories and nothing more. No other provision, other than the word "cause" purports to expand the scope of the order to include parties other than plaintiff and Cummins Engine.

The relevant portion of Rule 170 authorizes the court to make "such orders in regard to the refusal as are *just*," including "(c) an order . . . dismissing the ac-

tion or proceeding or any part thereof, . . . ." When consideration is given to the remainder of the agreed order, including the specific reference to Rule 170, we believe that the word "cause" as it is used in the May 2 order means either: 1) plaintiff's *entire cause* as against only Cummins Engine; or 2) that portion of plaintiff's cause as against only Cummins Engine which is warranted under the circumstances in the event plaintiff totally fails to answer the interrogatories or fails to completely answer such interrogatories. This interpretation would be consistent with the remainder of the order which, as has been stated, by its express terms, is between only plaintiff and defendant Cummins Engine. This interpretation would also be consistent with the phrase "pursuant to Rule 170," and more importantly, consistent with, and not antagonistic to, the otherwise limited scope of the agreed order.

If the plaintiff and Cummins Engine had intended the sanction of dismissal to be a dismissal with prejudice then such provision would have been included in the agreed order. The trial court was without authority to add such a provision. The judgment attacked in this appeal was outside the scope of the agreed order as to the plaintiff and defendant Cummins Engine, as well as to all of the other defendants.

■ There remains another reason why the judgment of dismissal with prejudice as to Cummins Engine was outside of the scope of the agreed order. Neither the agreed order of May 2 nor the relevant provisions of Rule 170 state that the dismissal, where one is granted, shall be a dismissal with prejudice.

Concerning the asserted abuse of discretion, our review of the trial court's action in rendering a judgment of dismissal with prejudice as to all defendants is based upon the abuse of discretion standard generally applicable to the review of discovery cases. For an illuminating discussion on the need to preserve the inherent flexibility of sanctions which will permit the trial judge to exercise sound discretion and at the same

time fashion sanctions that are "just" under the circumstances, and, at the same time, further the ultimate goal of discovery in compliance with the discovery rules, see Comment, "Imposition and Selection of Sanctions in Texas Pretrial Discovery Procedure," 31 Baylor L.Rev. 191 (1979).

We further hold that, disregarding the agreed order and considering the trial court's action solely within the context of its discretion, the trial court abused its discretion in imposing such a harsh sanction to punish plaintiff for a mere defect in form which was ultimately cured. See *Rodebaugh v. Beachum*, 576 S.W.2d 143 (Tex. Civ.App.—Waco 1978, writ ref'd n. r. e.); *United States Leasing Corp. v. O'Neill, Price, Anderson & Fouchard, Inc.*, 553 S.W.2d 11 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ); *Ebeling v. Gawlik*, 487 S.W.2d 187 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). Moreover, there is no indication in the record that there was any "bad faith" or wilfull disobedience of the May 2 order by plaintiff.

In addition, the dismissal with prejudice as to the defendants other than Cummins Engine, constituted an abuse of discretion insofar as their complaints concerning the sufficiency of the answers that were given. There are other alternatives authorized within the scope of the discovery rules to encourage compliance with the rules other than dismissal with prejudice.

The judgment of the trial court is RE-VERSED and the cause is REMANDED for further proceedings.