**SOUTHERN PACIFIC TRANSPORTATION COMPANY, Appellant,**

v.

**Violet Jo EVANS, Individually and Temporary Administratrix of the Estate of Paul David Evans, Deceased, Appellee.**

**No. 17427.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Affirmed Oct. 25, 1979.

Rehearing Denied Nov. 29, 1979.

Sewell, Junell & Riggs, Gordon A. Holloway, Houston, for appellant.

Schmidt & Matthews, W. Douglas Matthews, Houston, for appellee.

WARREN, Justice.

Southern Pacific Transportation Company appeals from orders of the trial court striking its pleadings, refusing to allow it to present any ground of defense, and granting a default judgment against it as to liability.

The issue in the case is whether the entry and enforcement of these orders constituted an abuse of discretion by the trial court.

Paul David Evans, an employee of appellant, was killed on April 18, 1976, when a motorcar in which he was riding derailed. There were no witnesses to this incident. In May of 1977, suit was filed, alleging, among other things, that the motorcar was defective.

On June 21, 1977 interrogatories were served on appellant, pertaining to the accident and the motorcar. Appellant neither answered the interrogatories within the time required nor objected to them. On July 18, appellee filed a motion to compel answers to these interrogatories. On August 22, a hearing was held and although notified, appellant did not appear. On September 2, the court signed an order requiring appellant to answer the interrogatories

within thirty days. The order further provided that the pleading of appellant would be stricken and that it would not be allowed to present any ground of defense if it failed to answer the interrogatories within thirty days. Appellant did not answer the interrogatories, file a motion to extend time, or file any objection to them.

Pursuant to notice, appellee, on November 18, 1977, attempted to take the deposition of Norris Hastings, appellant's claim agent. On the advice of counsel, Mr. Hastings refused to answer many questions pertaining to the motorcar. On March 31, 1978, appellant answered certain of the interrogatories propounded by appellee on June 21, 1977. One of the answers stated that the motorcar had been dismantled and salvaged for spare parts.

On July 31, 1978, appellant's motion to set aside the order striking its pleadings and appellee's motion for interlocutory default judgment were set for hearing and were taken under advisement. On November 29, the court overruled appellant's motion to set aside and ordered the pleadings stricken. On December 4, the court granted appellee's motion for interlocutory default judgment. On December 11, after a hearing, the court entered an order denying appellant's motion to reconsider the granting of a default judgment. Trial as to damages only was to a jury, which resulted in a total award of $233,000.00 against appellant.

Appellant's points of error one and two allege that the trial court erred and abused its discretion in entering the order of September 2, 1977, and in refusing to set it aside.

Appellant was ordered to answer the interrogatories within 30 days from September 2nd, 1977. The last paragraph of the order reads:

"Ordered by the court that the pleadings of Defendant, Southern Pacific Transportation Company, shall be struck and Defendant, shall not be permitted to present any grounds of defense if Defendant fails to file its answers to these interrogatories by such date." (thirty days from September 2nd).

■ The order of September 2, 1977, did not impose sanctions, but placed the appellant on notice of the sanction to be imposed.

An order that is so uncertain as to require fact findings of a court or jury to determine the relief it grants is void. *Hilatex, Inc. v. State,* 401 S.W.2d 269 (Tex.Civ. App.—Houston 1966, writ ref. n. r. e.); 39 Tex.Jur.2d Motions and Orders § 12 (1962). Before any sanctions could be imposed, a finding by the court would have to be made that the interrogatories were not answered within the 30 day period. In addition, depending on what transpired during the following 30 day period, the court would have to determine whether the interrogatories were answered, or whether good cause existed for failing to answer.

Since no order was entered on September 2, 1977, striking appellant's pleadings or refusing it the right to present any ground of defense, these points are overruled.

Appellant's point of error three asserts that the court erred and abused its discretion in entering an order "striking appellant's pleadings and prohibiting it from presenting any grounds of defense." On November 29, 1978, an order was entered which stated in part, "that this court's order entered on September 2, 1977, is not set aside and that Defendant's pleadings in this cause are struck and Defendant shall not be permitted to present any grounds of defense." This order was legally sufficient to impose the sanctions promised in the September 2, 1977, order.

Throughout the proceedings, appellant never alleged that the interrogatories were not answered because of mistake, lack of information, lack of notice, or even neglect. The only inference which can be drawn is that its failure to answer was willful.

Rule 168, T.R.C.P. states:

"If a party, except for good cause shown, fails to serve answers to interrogatories, the court in which the action is pending may, on motion and notice, make such orders as are just, including those authorized by paragraph (c) of Rule 215a.

Rule 215a(c), T.R.C.P. provides that the court may

"  .   .  . strike out all or any part of the pleading of that party (failing to answer), or dismiss the action or proceeding or any part thereof, or direct that such party shall not be permitted to present his grounds for relief or his defense, or enter a judgment by default against that party, or make such other order with respect thereto as may be just."

The only limitation imposed on the court in these two rules is that the order must be just. Just is defined as "Conforming to or consonant with, what is legal or lawful, legally right; Reasonable. Right; in accordance with law and justice." Black's Law Dictionary, Fourth Edition. The statute makes such sanctions of striking pleadings and not allowing a party to present a ground of defense legal, therefore, the only concern is whether these sanctions were reasonable. Appellant contends that since discovery was eventually made and since it is a settled principal in Texas that the purpose of sanctions under Rule 215a(c) is to secure compliance with the discovery rules and not to punish, that there was no valid reason for invoking sanctions. We disagree.

Appellee's interrogatories were not answered until almost six months (March 31, 1978) after the time had expired under the order of September 2, 1977. The answers revealed that the motorcar, on which the deceased was riding at the time of his death, had been dismantled.

Appellee contends that the failure of appellant to timely answer the interrogatories and the dismantling of the motor car prevented her from proving, and deprived her of the right to attempt to prove, that the motorcar was defective. Appellant contends that the motorcar was scrapped on June 18, 1976, which was before notice was given that appellee was making a claim for the death of her husband. Neither the determination of whether the motorcar was scrapped before the interrogatories were propounded, nor the fact that the interrogatories were eventually answered is determinative of whether the sanctions imposed were just. All of the evidence must be considered.

The November 29, 1978, order was entered after the trial court had considered the events which had occurred from the beginning of the suit until that date, which was approximately two weeks before trial. On that date appellant still had not completed its answers to the interrogatories filed by appellee nearly seventeen months earlier.

The choice of the appropriate sanctions is for the trial court, rather than the appellate court, and as long as such sanctions are within the authority vested in the trial court, they will not be overturned unless they constitute a clear abuse of discretion. *U. S. Leasing Corp. v. O'Neill, Price, Anderson & Fouchard, Inc.*, 553 S.W.2d 11 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ).

In our case the court could have concluded that there was a willful failure to make discovery or that appellant was acting in bad faith for the purpose of obstructing the discovery process. Although many cases hold that the primary purpose of sanctions is to insure that discovery is accomplished rather than to punish; *Young Companies, Inc. v. Bayou Corporation*, 545 S.W.2d 901 (Tex.Civ.App.—Beaumont 1977, no writ); *Ebeling v. Gawlik*, 487 S.W.2d 187 (Tex.Civ. App.—Houston [1st Dist.] 1972, no writ), the abuse of the discovery rules has caused a trend in federal and state courts toward using sanctions to deter violations of the rules by other litigants. See "The. Emerging Deterrence Orientation in the Imposition of Discovery Sanctions," 91 Harv.L. Rev. 1033 (1978). In *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747, a federal district court dismissed plaintiff's cause of action for failing to timely file interrogatories. The Supreme Court of the United States, upholding this order said,

"  .   .  . the most severe in the spectrum of sanctions (dismissal or default) provided by the statute or rule must be available to the district court in appropri-

ate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."

Where there has been a willful refusal to allow discovery after being ordered to do so by the court, appellate courts have upheld severe sanctions by the trial court. *G—K Properties and Genesco, Inc. v. Redevelopment Agency of City of San Jose,* 577 F.2d 645 (9th Cir. 1978) (dismissal of action after plaintiff failed to answer interrogatory) *Harold Affanato v. Merrill Brothers,* 547 F.2d 138 (1st Cir. 1977) (defendant defaulted after repeated orders of the court to answer interrogatories), *Firestone Photographs, Inc. v. Lamaster,* 567 S.W.2d 273 (Tex.Civ.App.—Texarkana 1978, no writ) (default judgment as to liability and for damages as pled, without proof); *Ramsay v. Santa Rosa Medical Center,* 498 S.W.2d 741 (Tex.Civ.App.—San Antonio 1973, cert. den. for want of jurisdiction, 417 U.S. 938, 94 S.Ct. 3062, 41 L.Ed.2d 661) (dismissal of plaintiff's cause of action) *Thomas v. Thomas,* 446 S.W.2d 590 (Tex.Civ.App.—Eastland 1969, writ ref'd, n. r. e.) (default judgment for plaintiff where defendants refused to appear for deposition).

The facts in our case, more so than in any of the ones cited above, show a necessity for prompt answers to interrogatories.

██ Under the circumstances, the trial court did not abuse its discretion by striking the appellant's answer, and by refusing to allow it to present its grounds of defense, or by failing to set aside its previous order.

Appellant's fourth point of error alleges the trial court erred and abused its discretion in granting appellee's motion for interlocutory default judgment.

██ This motion was heard approximately one week before trial. The court had before it all of the evidence, up to that time, concerning the refusal of appellant to make prompt discovery, as well as the discovery which had been effected. Only six days before, appellant finally completed and tendered the remaining answers to in-terrogatories propounded over seventeen months earlier. The court had the authority to determine whether the sanctions previously imposed were sufficient or whether justice under the circumstances required an additional sanction. The specific sanctions which a trial court may impose under 215a(c) are necessarily cumulative and not alternative as urged by appellant. The imposition of one is not a bar to the imposition of another. The record is such that the court could have concluded that the appellant's course of conduct prevented appellee from proving her cause of action, therefore, appellee should not be required to prove liability. This was not an abuse of discretion.

Appellant's final point of error asserts that the trial court erred and abused its discretion in overruling appellant's motion for reconsideration of the court's prior orders striking appellant's pleadings, prohibiting it from presenting any ground of defense, and granting an interlocutory default judgment.

This motion was heard and denied on December 11, 1978, one day before trial. The motion reiterated the history of the events leading to the sanctions and urged the court to set aside the sanctions. There is no record of any evidence being offered except an unsworn statement of E. W. Buckles stating that the motorcar was dismantled on June 18, 1976. The court did not err in refusing to set aside the sanctions imposed.

We initially overruled appellant's motion to include the depositions in the record, but after reconsideration allowed them to be filed. A review of the record, including the depositions, shows that the trial court could have concluded that the conduct of appellant was willful, in bad faith and that such conduct resulted in prejudice to the appellee.

No abuse of discretion is shown.

The judgment is affirmed.

PEDEN and EVANS, JJ., also sitting.