Elizabeth Joan **JARRETT**, et vir., Appellant,

v.

Dr. Robert T. **WARHOLA**, et al., Appellees.

No. C14–84–437CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 31, 1985.

Charles R. Houssiere, III, Houston, for appellant.

B.J. Walter, Jr. and Dan Ryan, Houston, for appellees.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

MURPHY, Justice.

Appellant, Elizabeth Jarrett, appeals from an order dismissing her cause of action against appellee, Dr. Robert Warhola. In two points of error, appellant claims the trial court abused its discretion in dismissing her cause for want of prosecution and for failure to comply with discovery orders. We find no abuse of discretion by the trial court and affirm.

On December 18, 1979, appellant, who was the plaintiff below, filed suit against appellee, defendant below, alleging a medical malpractice claim based upon the improper administration of a colonic irrigation procedure. Appellee responded with a general denial and filed his first set of interrogatories on February 2, 1980. Appellant failed to answer the interrogatories within the designated period and made no request for an extension of time. Appellee then filed a motion to compel answers, which prompted appellant to file her response on March 28, 1980. The answers which appellant filed, however, were incomplete as to several different interrogatories. Appellant provided no information in response to appellee's interrogatories concerning medical expenses, loss of wages and earning capacity, and identity of her expert witnesses. Appellant claimed she was unable to furnish this information without her own discovery. However, during the course of the following two years, appellant made no attempt to supplement her incomplete answers.

On June 24, 1983, appellee filed a motion requesting appellant to designate her expert witnesses and produce expert reports. The trial court granted this motion and entered a written order on July 1, 1983, which ordered the appellant to identify her experts and produce their reports within a ninety day period. Appellant did not comply with this order until December 8, 1983, two months after the deadline set by the court, and the information provided was incomplete.

On July 12, 1983, appellee filed a second set of interrogatories which appellant again failed to answer in the allotted time. She made no request for an extension of time in which to file her response. As a result, appellee filed a motion to compel appellant's answers, which was granted on September 7. The court issued a written order directing appellant to file her answers within fifteen days and to pay $200 in attorney's fees. Appellant did not comply with this order in the period mandated by the court. She filed her response on October 11, 1983, and she did not pay the attorney's fees.

On March 12, 1984, the appellee moved to dismiss the cause. The trial court entered an order of dismissal on March 19, 1984, citing as grounds for its decision appellant's non-compliance with the discovery orders. The appellant has failed to include in the record a statement of facts for the hearing on the motion to dismiss. Appellant's motion for new trial was denied and this appeal followed.

In her first point of error, appellant contends the trial court abused its discretion in dismissing her case for failure to identify her expert witnesses within ninety days following July 1, 1983. Under the Rules of Civil Procedure which were in effect at the time of dismissal, the trial court had the power to use the sanctions provided not merely to secure compliance with discovery rules, but further to penalize those who abused the discovery pro-

cess. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Waguespack v. Halipoto,* 633 S.W.2d 628 (Tex. App.—Houston [14th Dist.] 1982, writ dism'd). The trial court was authorized to dismiss the cause of action of a party who violated court orders concerning discovery procedures. Tex.R.Civ.P. 170 (Vernon 1976). In *Waguespack,* which is closely on point, the plaintiff had repeatedly delayed the discovery process by failing to timely respond to discovery requests and court orders. This court held that in view of plaintiff's dilatory behavior and defiance of court orders, the trial court did not abuse its discretion in dismissing the case. We find that holding to be controlling on the facts presented in this appeal.

Appellant consistently failed to respond in a timely manner to appellee's discovery requests. Her delinquent behavior forced appellee to file numerous motions for compliance which on two occasions culminated with written court orders. Appellant failed to comply with each of these court orders. No requests for extension of time were filed. The record fails to indicate any effort by appellant to comply with the court orders or any reason which would justify the lack of due diligence exercised by appellant. The imposition of penalties or sanctions for the failure or refusal of a party to comply with discovery rules is within the sound discretion of the trial court. The measures adopted by the court will be reversed only if the reviewing court finds that the trial court abused its discretion as a matter of law. *Alexander v. Barlow,* 671 S.W.2d 531 (Tex.App.—Houston [1st Dist.] 1983, no writ). We hold that the trial court did not abuse its discretion in dismissing appellant's cause.

Our ruling as to appellant's first point of error is dispositive of the case as a whole, therefore, we need not rule on appellant's second point of error.

The judgment of the trial court is affirmed.