**Cynthia Helen RAY, Appellant,**

v.

**Roy BEENE and Will Gray, Appellees.**

**No. 01–85–0858–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 28, 1986.

Rehearing Denied Nov. 26, 1986.

Henri-Ann Nortman, Houston, for appellant.

W. Timothy Lewis, John F. Schaffer, Houston, for appellees.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

WARREN, Justice.

This is an appeal from an order dismissing the plaintiff's suit with prejudice for failure to comply with an order compelling discovery. We reverse and remand.

The plaintiff, Cynthia Helen Ray, brought this suit against her former attorneys, Roy Beene and Will Gray, seeking to cancel an employment contract and a deed representing payment of the attorneys' fees due under the contract. The plaintiff alleged that the defendants served as her attorneys for less than three weeks, in connection with her being arrested and charged with the crime of capital murder. She alleged that the defendant Beene misrepresented to her that he personally had experience in the trial of capital murder cases, that she could not secure the payment of a fee by a mortgage on her property, and therefore she would have to give him a deed to her home. She asserted that in reliance on those representations, she had signed the employment contract and deed. She further alleged that the fee charged by the defendants was not reasonable under the circumstances, and was therefore excessive. She asserted that the deed should be canceled because its execution had been secured by fraud, because it was not supported by an adequate consideration, and because it was intended as a mortgage to secure the payment of the defendants' legal fees.

The employment contract in question indicates that the two attorneys agreed to represent the plaintiff in one filed case and in one unfiled case involving the death of

the plaintiff's father, for the offense of capital murder, until the date charges were dismissed or sentence pronounced. The contract stipulated that the fee for such services was $200,000 and payment was to be made in the form of a warranty deed to the real property in question. In her brief, the plaintiff asserts that the defendants served as her legal counsel for less than three weeks, and were discharged by her for good cause on or about March 10, 1985. She states that she was subsequently no-billed by the grand jury on charges of capital murder, and that on April 29, 1985, she brought this action against the defendants to set aside the employment contract and deed.

Appellant asserts that in June 1985, after receiving notice of the defendants' intention to take her oral deposition, she filed a motion for protective order and to seal the record. On July 2, 1985, the court entered an agreed protective order, directing that her deposition be taken under court supervision, ordering the record sealed, and ordering that any questions touching on either privileged matters or the facts of the alleged criminal offense should be presented to the court for prior ruling as to their relevance and admissibility. She further alleges that on July 2, 1985, her deposition was taken under supervision of the trial court and that the defendants' attorney sought permission to ask her questions as to statements allegedly made by Ms. Ray to Mr. Beene. After examining the questions in camera, the trial court ruled that no questions could be asked or answered if they, in any way, touched upon matters protected by the attorney-client privilege.

Defendants' counsel then sought a ruling on the discoverability of certain questions about the alleged facts and circumstances surrounding the crime with which she had been charged. Over her objection, the trial court ruled that such questions were relevant and could be asked, as long as they did not infringe in any way on the attorney-client privilege. She asserts that on advice of her counsel she refused to answer the questions, and that on August 2, 1985, the trial court entered an order compelling her to answer the questions which had been certified. She states that she continued in her refusal to answer the questions, relying on the same objections that the answers were immaterial to any issue in the lawsuit, and were not calculated to, or likely to, lead to evidence which might be admissible or relevant. Upon such refusal, the court announced its intention to enter a judgment dismissing plaintiff's lawsuit with prejudice. She further states that before the court entered the judgment of dismissal, the parties entered into a written stipulation that if she were compelled to testify in response to the certified questions, she would invoke the federal and Texas Constitutional privileges against self-incrimination as to each question.

On August 20, 1985, the trial court entered a judgment dismissing plaintiff's action with prejudice as a sanction for her failure to comply with proper discovery requests and to obey the court's order to compel discovery. The defendants do not contest most of the foregoing factual allegations set forth in the appellant's brief, and to that extent such allegations will be taken as true. Tex.R.Civ.P. 419. The defendants do assert that the plaintiff's allegations in her brief are not supported by the record on appeal and that the only issue before this Court is whether the trial court abused its discretion in dismissing the plaintiff's cause of action.

The trial court's order of dismissal recites that at the hearing on the defendants' motion to impose sanctions for the plaintiff's failure to comply with the request for discovery, the court examined the pleadings and papers in the case, the parties' stipulations, the testimony of witnesses, and the argument of counsel, and determined that the questions propounded to the plaintiff in the pretrial discovery proceedings were relevant and calculated to lead to the discovery of relevant evidence. The court listed in its order the following "relevant questions" propounded to the plaintiff:

Q. (By Mr. Lewis for Defendant Beene) Do you know David Duvall West?

Q. On or about June 19th, 1982 did you and David West conspire or talk about or plan or plot the murder of your parents, James Campbell and Virginia J. Campbell?

Q. Did you agree to pay David Duvall West to kill your parents?

Q. Did you promise to pay David Duvall West the sum of Twenty Five Thousand Dollars to commit the murders of your parents, James H. Campbell and Virginia J. Campbell?

Q. Were you present with David Duvall West when he entered the home of James H. Campbell and Virginia J. Campbell on June 19th, 1985?

Q. Were you present in the bedroom of James H. Campbell and Virginia J. Campbell when David Duvall West shot them with a forty five caliber pistol?

Q. Did you aid or abet or encourage David Duvall West to shoot you [sic] parents, James H. Campbell and Virginia J. Campbell?

Q. Where were your children when your parents James H. Campbell and Virginia J. Campbell were murdered?

Q. Did you or David Duvall West or either of you cause the death of James H. Campbell and Virginia J. Campbell?

Q. Are you familiar with how your parents James H. Campbell and Virginia J. Campbell, died?

Because we hold appellant's second point of error dispositive of this appeal we address it first. Appellant's second point of error is that the trial court abused its discretion in dismissing her suit with prejudice because such action was arbitrary and unreasonable.

The Texas Supreme Court in *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985) elucidated the test for abuse of discretion with regard to sanctions for discovery abuse. In *Downer*, the trial court struck defendants' pleadings after the defendant failed to appear at the depositions and at the sanctions hearing. The court of appeals reversed, concluding that this was not an "appropriate case to impose the ultimate sanctions of striking the pleadings and entering default judgment." The supreme court reversed and affirmed the trial court, stating that:

> The test for abuse of discretion is not, whether, in the opinion of the reviewing court, the facts present on appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. (cites omitted) Another way of stating the test is whether the act was unreasonable or arbitrary.

*Id.* at 241–242.

Although an appellate court cannot substitute its judgment for the trial court's on a matter within the trial court's discretionary authority, the trial court's power to impose sanctions is not unlimited. The trial court's broad discretion in this regard is limited only by the requirement that its order be "just" and that the sanction imposed be "specifically related to the harm done by the condemned conduct." Tex.R.Civ.P. 215(2)(b); *Kilgarlin and Jackson, Sanctions for Discovery Abuse under New Rule 215*, 15 St. Mary's L.J. 767 (1984).

A dismissal with prejudice may be justified if the discovery abuse has persisted over a long period of time and numerous efforts have been made to obtain compliance. If the recalcitrant party has acted in bad faith, or has ignored a court's previous order, the court may impose the extreme sanctions of dismissing the plaintiff's case with prejudice or enter a default judgment against the defendant. *See Southern Pacific Transportation Co. v. Evans*, 590 S.W.2d 515 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.) *cert. denied* 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980), (delayed default judgment held justified where defendant complied with ordered production, after evidence providing basis of plaintiff's claim was destroyed); but *see also Fultz v. Cummins Sales & Service, Inc.*, 587 S.W.2d 515 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.)

(dismissal with prejudice unjustified absent a showing of actual bad faith; plaintiff had not complied with court's order to sign answers to interrogatories.)

The second requirement, that the sanction be "specifically related to the harm done by the condemned conduct", requires the sanction be aimed at redressing the resultant prejudice to the party seeking discovery. The bad faith or misconduct of the party resisting discovery is often reflected in the resultant harm to the other party. *Kilgarlin*, at 801–802.

Here, the appellant filed her lawsuit on April 29, 1985, and less than four months later, her entire case was dismissed with prejudice. Although the appellant failed to comply with the trial court's order, her refusal to do so, under the circumstances, was not the kind of bad faith and degree of culpability contemplated by the courts in *Downer* and *Southern Pacific*. Except for appellant's refusal to answer the questions relating to her participation in the murder, she evidently cooperated in discovery efforts.

The harm to the defendants that resulted from the plaintiff's failure to answer the certified questions was remote. If the answers to the questions were to have been taken as established, the defendants would have had no greater or lesser ability to defend themselves against the plaintiff's claims. We note, however, that the plaintiff's assertion of the attorney-client privilege precluded a defense as to the misrepresentations they allegedly made to the plaintiff in the course of the attorney-client relationship, and as such was improper. Tex.R.Evid. 503(d)(3); *See Dewitt and Rearick, Inc. v. Ferguson*, 699 S.W.2d 692 (Tex.App.—El Paso 1985, no writ).

We also note that appellant's cause of action was not limited to her claim that the attorney's fee was excessive and unreasonable. In addition to that claim, she also alleged two independent grounds for relief: (1) that the execution of the deed was obtained through fraud, and (2) that the deed was intended as a mortgage. Neither of those grounds were dependent upon or re-

lated to the questions to which she exercised the fifth amendment privilege. Had she been given the opportunity to amend her pleadings, she could have non-suited the claim relating to the unreasonableness and excessiveness of the attorney's fee, and continued her remaining claims that were not related to the questions covered by the discovery order. *See Gottleib v. Hofheinz*, 523 S.W.2d 7, 14 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd).

We hold that the trial court's order dismissing appellant's entire cause of action with prejudice exceeded the limits of discretion authorized by Rule 215(2)(b), and that the order must therefore be vacated. Because we may not substitute our judgment for that of the trial court in deciding upon proper sanctions for the appellant's conduct, we remand the cause to the trial court for further determination.

The trial court's order of dismissal is reversed and the cause is remanded for further proceedings consistent with this opinion.

JACK SMITH, J., dissents.

JACK SMITH, Justice, dissenting.

I respectfully dissent.

The plaintiff sought affirmative relief in the trial court for various misrepresentations made to her by her former lawyers with regard to their employment contract and the fee arrangement under the contract. She also requested that the trial court, by declaratory judgment, determine a reasonable fee for the lawyers' services, under the alleged circumstances. By seeking affirmative relief through the courts, a plaintiff can properly be forced to choose between the claim of privilege and the abandonment of her lawsuit. *See Henson v. Citizens Bank of Irving*, 549 S.W.2d 446 (Tex.Civ.App.—Eastland 1977, no writ); *Dewitt and Rearick, Inc. v. Ferguson*, 699 S.W.2d 692 (Tex.App.—El Paso 1985, no writ). Once the trial court correctly determined that the questions were relevant to a material issue in the lawsuit, the plaintiff's decision to persist in her fifth amendment

claim of privilege was essentially a choice to abandon her lawsuit.

The plaintiff in this case was ordered by two trial judges to answer the deposition questions. Appellant's deposition was taken under the supervision of the trial court on July 2, 1985. The visiting judge, Honorable Andrew Jefferson, ordered her at that time to answer the questions propounded which pertained to her participation in the murder of her mother and father. She refused. The defendants filed a motion to compel which was heard on August 2, 1985, by the presiding judge of the 280th District Court, Honorable Thomas Phillips. Judge Phillips heard arguments on the motion and concurred that the questions were discoverable and entered an order compelling the plaintiff to answer, advising plaintiff that he intended to dismiss her lawsuit with prejudice if she failed to comply. After another hearing on August 16, 1985, on the defendants' motion for sanctions, the trial court dismissed plaintiff's lawsuit, with prejudice, by order of August 20, 1985.

The majority opinion appears to place the onus of determining the most prudent trial strategy for a plaintiff on the shoulders of the trial judge. The plaintiff here refused to comply with the orders of the trial court with clear notice as to the repercussions of her disobedience. She could have nonsuited the case to avoid the dismissal with prejudice. She could also have amended her pleadings to eliminate her allegations of excessive and unreasonable attorneys' fees. The plaintiff had options which she chose not to exercise. It did not then become the responsibility of the trial court to afford the plaintiff any additional alternatives or solutions to her predicament.

Under these circumstances, the trial court was authorized to dismiss the suit with prejudice. Tex.R.Civ.P. 215–2(b)(5). The majority accedes that the choice of appropriate sanctions is for the trial court. Its holding that the sanctions imposed exceeded the limits of the trial court's discretion, however, amounts to the substitution of this Court's judgment for the trial court's. Such usurpation of the trial court's judgment in the area of discovery sanctions has been disavowed by this Court. *Southern Pacific Transportation Co. v. Evans*, 590 S.W.2d 515 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Evans v. State Farm*, 685 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Here, the appellant chose the time to file her suit, she chose the forum in which to file her suit, and she chose to have her suit dismissed with prejudice even though she had been advised of the consequences and had other alternatives. The record contains no indication that the trial court acted either arbitrarily or unreasonably in imposing the sanction of dismissal with prejudice.

I would affirm the judgment of the trial court.