Sybil Jane CARR, Appellant,

v.

HARRIS COUNTY, Bernard Johnson, Inc. and H.A. Lott, Inc., Appellees.

No. 01–87–00143–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 11, 1988.

Warren M. Fitzgerald, Jr., Houston, for appellant.

David S. Lynch, Coats, Yale, Holm, & Lee, P.C., Houston, for appellees.

Before JACK SMITH, COHEN and HOYT, JJ.

## OPINION

COHEN, Justice.

This is an appeal from an order granting the appellees' motion for sanctions and dismissing appellant's claim with prejudice.

Appellant fell at the Harris County jail and sued Harris County for improper maintenance of the handrail. She also sued H.A. Lott, Inc. for its negligent construction of the handrail and Bernard Johnson, Inc. for its negligent and defective design of the handrail.

On October 9, 1985, Lott filed interrogatories and requests for production that required appellant to respond by November 10. Because appellant had not responded

as of February 22, 1986, Lott moved to compel and for sanctions. Appellant did not respond to the motion. This motion was granted on March 20, and appellant was ordered to answer within 30 days and to pay $150 in attorney fees. Appellant responded on April 1 with unsworn answers to 24 of the 27 interrogatories, and made no response to the remaining three interrogatories and to the nine requests for production.

Two more motions for sanctions were filed on June 12 and July 7, 1986. Finally, on August 21, appellant answered all interrogatories under oath and responded to all production requests.

On September 5, 1986, Lott noticed appellant's deposition for September 29. Appellant failed to appear or to notify the appellees of her unavailability. Consequently, all the appellees joined in a final motion for sanctions on December 9. On December 19, appellant offered to appear at future depositions and offered to pay the costs incurred by her non-appearance on September 29. On January 5, 1987, the trial court granted this motion for sanctions and dismissed with prejudice the claim against all of the appellees due to "the continual frustration of Sybil Jane Carr, the plaintiff, of discovery requests and for her willful and intentional refusal to comply with her obligations under the Texas Rules of Civil Procedure."

Point of error one complains that the trial court abused its discretion in granting the motion for sanctions and in dismissing appellant's cause of action.

Appellant contends that her compliance with the discovery requests in August, 1986, her payment of attorney's fees in July, 1986, and her offer of availability to attend future depositions and pay costs due to her non-attendance on September 29, made the dismissal of her case an abuse of discretion.

A trial court may impose sanctions on a party who abuses the discovery process. Tex.R.Civ.P. 215 provides that the trial court may "make such orders in regard to the failure as are just," including dismissing with prejudice.

The trial court has broad discretion to impose discovery sanctions, *Gonzales v. Conoco, Inc.,* 722 S.W.2d 247, 249 (Tex. App.—San Antonio 1986, no writ), and the appellate court cannot substitute its judgment for that of the trial court. *Ray v. Beene,* 721 S.W.2d 876, 879 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). To establish a clear abuse of discretion, it must be shown that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the particular case. *Smithson v. Cessna Aircraft Co.,* 665 S.W. 2d 439, 442–43 (Tex.1984). The trial court abuses its discretion if the sanction imposed does not further one of the purposes that sanctions were intended to further. *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986).

*Bodnow* lists the purposes of discovery sanctions as: (1) to secure the parties' compliance with the rules of discovery; (2) to deter other litigants from violating the discovery rules, *Downer v. Aquamarine Operations, Inc.,* 701 S.W.2d 238 (Tex.1985); and (3) to punish parties who violate the rules of discovery, *Jarrett v. Warhola,* 695 S.W.2d 8 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd). The test for abuse of discretion is whether the court acted without reference to any "guiding rules and principles." *Downer,* 701 S.W.2d at 241–242.

We hold that the dismissal was not an abuse of discretion. It did not punish appellant inappropriately, and serves as a deterrent to future discovery violations. Appellant's eventual compliance is not determinative of whether the sanctions imposed were "just." *Southern Pacific Transp. Co. v. Evans,* 590 S.W.2d 515, 518 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), *cert. denied,* 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980).

In *Ray,* 721 S.W.2d at 879, this Court stated that "a dismissal with prejudice may be justified if the discovery abuse has persisted over a long period of time and numerous efforts had been made to obtain compliance." In the present case, appellant's discovery abuse persisted over a 12

month period while Lott made numerous efforts to obtain compliance. Similar abuse justified dismissal in *Alexander v. Barlow*, 671 S.W.2d 531 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

Point of error one is overruled.

■ Appellant next contends that the trial court erred in dismissing her claim against all of the appellees because the discovery not complied with was requested only by Lott.

Lott alone sought the discovery that resulted in the first motion to compel and motion for sanctions. When appellant did not comply, Lott filed two more motions. The final motion for sanctions, however, was joined by all three appellees. This motion was granted, dismissing the claim with prejudice as to all defendants.

One defendant, Harris County, has been granted summary judgment against appellant and is not a party to this appeal. Therefore, the question is whether the trial court erred in dismissing the claim against appellee, Bernard Johnson, Inc.

Appellant argues that only Lott had "standing" to complain of discovery abuse, and to obtain sanctions, because only Lott was seeking discovery. Appellant cites no authority denying standing in these circumstances. We find no merit in this contention.

Sanctions are not granted solely in order to compensate a party seeking discovery. They are also awarded in order to punish a party obstructing justice. Their purpose is to protect the court, as well as the parties. Consequently, what Bernard Johnson, Inc. did or did not do is not the issue.

What appellant did and failed to do is controlling. Bernard Johnson was entitled to rely on appellant's discovery made in response to other parties, and nothing indicates that it was not harmed by appellant's refusal to make discovery. However, even if Johnson were not harmed, we would find no abuse of discretion under these facts. The court was entitled to protect itself from the burden, and litigants in this and other cases from the delay, of repeatedly forcing appellant to comply with discovery rules.

Point of error two is overruled.

We overrule the cross-point of error by appellees seeking damages for a frivolous appeal. Tex.R.App.P. 84.

The judgment is affirmed.

HOYT, Justice, dissenting.

I respectfully dissent. The operative question in the majority's opinion bearing on the issue of whether the trial court abused its discretion is "Whether the trial court acted without reference to any 'guiding rules and principles'." *Downer v. Aquamarine Operations, Inc.*, 701 S.W.2d 238, 241–242 (Tex.1985).

The first and foremost purpose of sanctions is to effectuate the discovery process. I view dismissal of a lawsuit with prejudice as indicating (1) that hope for fulfilling the discovery process is gone; or (2) that the noncomplying party has, on numerous occasions expressed, and continues to express contempt for the court's orders and the discovery process; or (3) that the noncomplying party expressed no reasonable or justifiable basis for the numerous instances of noncompliance.

I fail to see this type conduct expressed or displayed by the appellant in this case. Although a total of three motions for sanctions were filed, including the motion upon which the trial court dismissed the case, except for the motion upon which the case was dismissed, the appellant was sanctioned only once. This is a far cry from numerous. The fact that several defendants each filed separate motions does not multiply infractions or entitle one defendant to a dismissal of the plaintiff's case simply because another defendant may be entitled. In my opinion, each defendant is defending a separate lawsuit which suit requires its own unique evidence for dismissal or judgment.

I would hold that the trial court abused its discretion in dismissing the lawsuit with prejudice because the evidence shows that the appellant complied with each order of the court and because costs of court and

attorney's fees were tendered in response to the motion at which the case was dismissed. The case should be reversed and the cause remanded for trial.