Patricia MOWER, Appellant,

v.

Thomas Harmon HAYMES and Edward R. Haymes, Appellees.

No. 01–89–00162–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 9, 1989.

Ralph Ray Gregory, Jr., Houston, for appellant.

R. Stephen Ferrell, Giessel, Stone, Barker & Lyman, Houston, for appellees.

Before WARREN, DUGGAN and MIRABAL, JJ.

## OPINION

WARREN, Justice.

This is an appeal from the trial court's dismissal with prejudice of appellant's lawsuit as a discovery sanction.

This personal injury lawsuit arose from an October 10, 1985 collision in which appellant's car was struck by a car driven by appellee Thomas Haymes (Thomas), and owned by appellee Edward Haymes (Edward). Appellant's suit was filed in October 1987.

On December 30, 1987, Edward directed a set of interrogatories to appellant. The interrogatories were received by appellant's attorney, Lewis Ward, on December 31, 1987, and, under Tex.R.Civ.P. 168, were required to be answered by January 30, 1988. On July 8, 1988, after he had received no reply, Edward filed a motion for sanctions. During the six months preceding the motion for sanctions, Edward's attorney contacted Ward regarding the overdue interrogatories. Ward told Edward's attorney that appellant was fully aware she had not answered the interrogatories and that she, the appellant, was being uncooperative. Edward's motion for sanctions asked that the trial court order appellant to answer the outstanding interrogatories within 30 days. Appellant filed no response to Edward's motion for sanctions. On July 25, 1988, the trial court entered an order stating, "[P]laintiff PATRICIA MOWER shall answer the outstanding interrogatories propounded by Edward R. Haymes on or before August 25, 1988, or her pleading shall be stricken." On the same day, the court also allowed Ward to withdraw as appellant's attorney of record.

On or about July 25, 1988, Ward forwarded a letter to appellant stating that the court had granted Edward's motion for sanctions and had allowed him to withdraw. Appellant admits having received this letter on or about July 27. The letter stated in pertinent part:

This morning, July 25, I attended the hearing on Defendant Edward Haymes' Motion For Sanctions against you and my Motion To Withdraw as Attorney of Record.

Regarding the Motion For Sanctions, the Judge awarded Defendant Edward Haymes $250.00 in attorney fees against you and, further, ordered that you answer the interrogatories previously propounded to you on or before this August 25. . . .

Additionally, if you plan to continue pursuing this matter, you will need to get the interrogatories answered or be sure that your new attorney answers them by this August 25.

Appellant obtained new counsel on August 24, 1987, and provided him with a copy

of the interrogatories that same day. Appellant answered the interrogatories and forwarded them to Edward's attorney on September 7. On October 4, 1988, the court struck appellant's pleadings as to both appellees and dismissed the case with prejudice. Motions for new trial and reconsideration were denied by the court on December 19, 1988.

In her sole point of error, appellant complains that the court abused its discretion in striking her pleadings and dismissing her cause of action. The test for abuse of discretion is

> not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. Another way of stating the test is whether the act was arbitrary or unreasonable. The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occured.

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)(citations omitted).

In determining whether the trial judge acted in reference to guiding rules and principles in imposing sanctions for discovery abuse, we look to Tex.R.Civ.P. 215, which governs sanctions for discovery abuse. Rule 215(2)(b)(5) provides that if a party fails to comply with proper discovery requests, or to obey an order to provide or permit discovery, the court may make such orders in regard to the failure as are just, including the following:

> (5) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing with or without prejudice the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party.

■ The imposition of sanctions for failure or refusal of a party to comply with discovery rules is directed to the sound discretion of the trial court, and such imposition can be set aside only upon a showing of an abuse of discretion. *Brantley v. Etter,* 662 S.W.2d 752, 759 (Tex.App.—San Antonio 1983), *writ ref'd per curiam,* 677 S.W.2d 503 (Tex.1984). To establish a clear abuse of discretion, it must be shown that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the particular case. *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984). The trial court abuses its discretion if the sanction imposed does not further one of the purposes that sanctions were intended to further. *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986). The purposes of discovery sanctions are to:

> (1) secure the parties' compliance with the rules of discovery ...; (2) deter other litigants from violating the discovery rules ...; and (3) punish parties that violate the rules of discovery.

*Bodnow Corp,* 721 S.W.2d at 840 (citations omitted).

■ In the present case, appellant failed to respond to a discovery request for more than eight months, and failed to comply with a court order requiring the interrogatories to be answered by August 25, 1988. Appellant contends that she was unable to obtain her case file from her former attorney, which caused her new attorney to file the answers to the interrogatories late. She claims these facts established good cause for not complying with the court's order that she answer the interrogatories within 30 days. We disagree.

Although her original attorney sent her a letter informing her that she must answer the interrogatories by August 25, 1988, appellant did not employ a new attorney until August 24. Further, in her affidavit attached to her motion for reconsideration of the court's order dismissing her suit, appellant states that, between August 22 and 24, 1988, she made three attempts to obtain her file from her former attorney, and she spoke with the clerk of the trial court in an attempt to obtain assistance in answering the interrogatories. Thus, the record

shows that appellant waited until August 22, 1988, before taking any action to comply with the court's order.

As a general rule, "the choice of the appropriate sanctions is for the trial court, rather than the appellate court, and as long as such sanctions are within the authority vested in the trial court, they will not be overturned unless they constitute a clear abuse of discretion." *Southern Pac. Transp. Co. v. Evans,* 590 S.W.2d 515, 518 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), *cert. denied,* 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980). We find that the trial court did not abuse its discretion in striking appellant's pleadings and dismissing the cause of action with prejudice. Appellant's eventual compliance is not determinative of whether the sanctions imposed were "just." *Carr v. Harris County,* 745 S.W.2d 531, 532 (Tex.App.— Houston [1st Dist.] 1988, no writ).

The judgment of the trial court is affirmed.